John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
SCOTT LAW FIRM
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE,<br><br>Plaintiffs,<br><br>v.<br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D., KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(42 U.S.C. § 1983)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs allege as follows:

## JURISDICTION

1. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2. Venue of this action lies in the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff, Colin M., is a minor, born on December 12, 2000. He is represented by his mother and guardian ad litem, Tracy Kelly.

4. Plaintiff, Tracy Kelly, brings this action individually and as guardian ad litem for her son, Colin M.

5. Plaintiff, Ron Massie, brings this action individually. He is the father of Colin M.

6. Defendant St. Helena Hospital dba St. Helena Center for Behavioral Health (herein after "St. Helena") is a business located in St. Helena, California. It admits children into its locked facility who have been deprived of their liberty under color of state law. In that regard it performs a public function.

7. Defendant Francis Muller, M.D. is sued herein as an agent and/ or employee of St. Helena. In that capacity he was authorized to make decisions regarding the status and treatment of minors who were detained under color of state law. His conduct was authorized and ratified by St. Helena.

8. Defendant Kaiser Foundation Hospital dba Kaiser Permanente (herein after "Kaiser") is corporation with its headquarters in Oakland, California. The Kaiser Permanente facility in Vallejo, California has an Emergency Department that admits and treats minors who are placed on involuntary holds by local police agencies. In that regard it performs a public function.

9. Defendant Robert Jason Nau, M.D. is sued herein as an agent and/or employee of Kaiser. In that capacity he was authorized to make decisions regarding the status and treatment of children who were detained under color of state law. His conduct was authorized and ratified by Kaiser.

10. Defendant City of Vallejo is a municipal corporation organized under the laws of the State of California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

11. Defendant D. Joseph was a police officer employed by the City of Vallejo.

12. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate or otherwise of DOES 1 through 25 herein, and prays leave of Court to insert the true names and capacities of such Defendants when they become known or ascertained together with appropriate charging allegations.

13. In doing the acts or omissions complained of Defendants, their agents and employees acted in concert and/or conspired with each other.

14. In doing the acts or omissions complained herein, the Defendants acted under color of state law to deprive the Plaintiffs of their Constitutional rights.

## STATEMENT OF FACTS

15. On May 15, 2007, Plaintiff Colin M., then six years old, was leaving elementary school with his mother at the end of the school day. He had a temper tantrum over some crayons. Police were contacted by a school employee.

16. When police arrived at the scene, Colin M. had calmed down and was seated in his mother's car booster seat. Tracy Kelly was questioned by two Vallejo police officers. During that questioning one of the officers grabbed Colin and placed him into the back seat of a patrol car. Colin became frightened and agitated. He started kicking and screaming inside the police car.

17. Tracy Kelly attempted to persuade the police to let her take her son home. Defendant D. Joseph placed Colin under a "5150" hold. An ambulance arrived and took Colin, against his will and without his mother's consent, to the Emergency Department at Kaiser, Vallejo.

18. When Colin arrived at Kaiser he was separated from his mother and admitted on an involuntary basis.

19. Colin was traumatized and frightened. His parents were not allowed to see him. Defendant Robert Jason Nau, M.D. ordered that Colin be placed in four-point restraints and

injected with a tranquilizer, Ativan. This was done without the knowledge or consent of Colin's parents, Plaintiffs Tracy Kelly and Ron Massie.

20. That night Colin was transferred against his will and without his parents' consent to St. Helena on the seventy-two hour involuntary hold. He was assigned to Defendant Francis J. Muller, M.D for care and treatment.

21. The next morning plaintiffs Tracy Kelly and Ron Massie went to St. Helena to see their son and take him home. They were told that they could not see Colin until noon because of "visiting hours." When they eventually saw Colin he was frightened and traumatized. They were asked to sign documents but refused to do so. They were also told that Colin would not be released for at least another two days. Colin wanted to return home. There was no legal reason to detain him. Dr. Muller caused Colin's continued false imprisonment and ordered treatment without the consent of the Plaintiffs.

22. Plaintiffs Tracy Kelly and Ron Massie returned the next day and demanded that their son be released to them. Dr. Muller again refused to release Colin, but ultimately agreed to do so on the condition that they sign a form stating it was AMA (Against Medical Advice).

## DAMAGES

23. As a result of the acts and omissions alleged herein, Plaintiffs have suffered and continue to suffer anxiety, fear, and emotional distress in an amount to be determined according to proof.

24. In addition, the Plaintiffs have incurred and will incur medical and related expenses as a result of the acts and omissions alleged herein.

25. Plaintiffs were required to retain counsel and are entitled to reasonable attorneys' fees should they prevail in this action.

26. The acts and/or omissions of the Defendants were willful, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the plaintiffs. Plaintiffs therefore pray for an award of punitive and exemplary damages according to proof.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

27. Plaintiff Colin M. hereby re-allege and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

28. By and through the acts and omissions alleged herein Defendants acted under color of law to deprive Colin M. of his rights under the United States Constitution including, but not limited to, his right not to be deprived of his liberty without due process of law and his right to be free from unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a result of Defendants conduct Plaintiff Colin M. was injured and damaged as alleged herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983)

30. Plaintiffs hereby re-allege and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

31. By and through the acts and omissions alleged herein Defendants acted under color of law to deprive Plaintiffs of their right to familial association in violation of the First and Fourteenth Amendments of the United States Constitution.

32. As a result of Defendants' conduct the Plaintiffs were injured and damaged as alleged herein.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

The Plaintiffs pray for relief as follows:

1. For compensatory damages according to proof;

2. For general damages according to proof;

4. For punitive damages according to proof;

5. For attorney's fees and costs;

6. For appropriate injunctive relief designed to remedy the unlawful practices alleged herein; and

7. For such other and further relief as the Court may deem necessary and appropriate.

DATED: April, __ 2008

**SCOTT LAW FIRM**

By: _____
JOHN HOUSTON SCOTT
Attorney for Plaintiff