1  FREDERICK G. SOLEY
   City Attorney, SBN 100270
2  **ALESIA JONES-MARTIN**
   Assistant City Attorney, SBN 154420
3  **CITY OF VALLEJO,** City Hall
   555 Santa Clara Street, Third Floor
4  P.O. Box 3068
   Vallejo, CA  94590
5  Tel:  (707) 648-4545    Fax:  (707) 648-4687

6  Attorney for Defendants, CITY OF VALLEJO and D. JOSEPH

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  COLIN M., a minor, through his guardian        )   **Case No. 4:08-CV-01930-WDB**
    ad litem, TRACY KELLY; TRACY KELLY,            )
11  individually and as guardian ad litem for      )
    Colin M.; and RON MASSIE,                      )
12                                                 )   **ANSWER OF CITY OF VALLEJO**
                                                   )   **AND DUSTIN JOSEPH**
13                       Plaintiffs,               )
                                                   )
           v.                                      )
14                                                 )
    ST. HELENA HOSPITAL dba ST HELENA              )
15  HOSPITAL CENTER FOR BEHAVIORAL                 )
    HEALTH, FRANCIS J. MULLER, M.D.,               )
16  KAISER FOUNDATION HOSPITAL dba                 )
    KAISER PERMANENTE, JASON ROBERT                )
17  NAU, M.D., CITY OF VALLEJO,                    )
    D. JOSEPH, and DOES 1-25, inclusive,           )
18                                                 )
                         Defendants.               )
19  ———————————————————————————)

20       1.    Answering the first paragraph of the Complaint, the Defendants are without

21  sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

22  allegations contained therein.

23       2.    Answering the second paragraph of the Complaint, the Defendants deny the

24  allegations contained therein.

25       3.    Answering the third paragraph of the Complaint, the Defendants are without

26  sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

27  allegations contained therein.

28

1    4.    Answering the fourth paragraph of the Complaint, the Defendants are without

2   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

3   allegations contained therein.

4    5.    Answering the fifth paragraph of the Complaint, the Defendants are without

5   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

6   allegations contained therein.

7    6.    Answering the sixth paragraph of the Complaint, the Defendants are without

8   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

9   allegations contained therein.

10    7.    Answering the seventh paragraph of the Complaint, the Defendants are without

11   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

12   allegations contained therein.

13    8.    Answering the eighth paragraph of the Complaint, the Defendants are without

14   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

15   allegations contained therein.

16    9.    Answering the ninth paragraph of the Complaint, the Defendants are without

17   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

18   allegations contained therein.

19    10.    Answering the tenth paragraph of the Complaint, the Defendants admit the

20   allegations contained therein.

21    11.    Answering the eleventh paragraph of the Complaint, the Defendants admit the

22   allegations contained therein.

23    12.    Answering the twelfth paragraph of the Complaint, the Defendants are without

24   sufficient knowledge or information to form a belief as to the truth of and on that basis deny the

25   allegations contained therein.

26    13.    Answering the thirteenth paragraph of the Complaint, the Defendants deny the

27   allegations contained therein.

28

14.    Answering the fourteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

15.    Answering the fifteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

16.    Answering the sixteenth paragraph of the Complaint, the Defendants deny the allegations contained therein.

17.    Answering the seventeenth paragraph of the Complaint, the Defendants deny the allegations contained therein.

18.    Answering the eighteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

19.    Answering the nineteenth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

20.    Answering the twentieth paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

21.    Answering the twenty-first paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

22.    Answering the twenty-second paragraph of the Complaint, the Defendants are without sufficient knowledge or information to form a belief as to the truth of and on that basis deny the allegations contained therein.

23.    Answering the twenty-third paragraph of the Complaint, the Defendants deny the allegations contained therein.

1    24.    Answering the twenty-fourth paragraph of the Complaint, the Defendants deny
2  the allegations contained therein.

3    25.    Answering the twenty-fifth paragraph of the Complaint, the Defendants deny the
4  allegations contained therein.

5    26.    Answering the twenty-sixth paragraph of the Complaint, the Defendants deny the
6  allegations contained therein.

7                        **FIRST CAUSE OF ACTION**
8                          (42 U.S.C. § 1983)

9    27.    Answering the twenty-seventh paragraph of the Complaint, Plaintiffs reallege
10  every allegation of the preceding paragraphs. Defendants reassert their responses to each of
11  those paragraphs.

12    28.    Answering the twenty-eighth paragraph of the Complaint, the Defendants deny
13  the allegations contained therein.

14    29.    Answering the twenty-ninth paragraph of the Complaint, the Defendants deny the
15  allegations contained therein.

16                      **SECOND CAUSE OF ACTION**
17                          (42 U.S.C. § 1983)

18    30.    Answering the thirtieth  paragraph of the Complaint, Plaintiffs reallege every
19  allegation of the preceding paragraphs. Defendants reassert their responses to each of those
20  paragraphs.

21    31.    Answering the thirty-first paragraph of the Complaint, the Defendants deny the
22  allegations contained therein.

23    32.    Answering the thirty-second  paragraph of the Complaint, the Defendants deny
24  the allegations contained therein.

25  / /

26  / /

27  / /

28

1

## **AFFIRMATIVE DEFENSES**

2      1.      As a first affirmative defense to each and every allegation and every Cause of

3   Action set forth in the Complaint, the Defendants allege that those causes of action fail to state

4   any claim upon which relief can be granted.

5      2.      As a second affirmative defense to Plaintiffs' Complaint, Defendants allege that

6   Plaintiffs' claims are barred by the applicable statutes of limitation.

7      3.      As a third affirmative defense to Plaintiffs' Complaint, Defendants allege that

8   Plaintiffs were negligent and careless in and about matters and events set forth in the Complaint.

9   Their negligence proximately contributed to their alleged injuries and damages.  Any jury

10  verdict in his favor that may be rendered in this case, therefore, must be reduced by the

11  percentage that their negligence contributed to any of their damages or injuries.

12     4.      As a fourth affirmative defense to Plaintiffs' Causes of Action Complaint, the

13  Defendants allege that they have qualified immunity from liability for matters set forth in the

14  Complaint. (*Harlow v. Fitzgerald*, [1982] 457 U.S. 800.)  Additionally, the Defendant City of

15  Vallejo is not liable to the Plaintiffs because any allegedly wrongful action taken by the

16  individual officers was not pursuant to an official policy or custom. (*Monell v. Department of*

17  *Social Services*, [1976] 436 U.S. 68.)

18     5.      As a fifth affirmative defense to Plaintiffs' Complaint, the Defendants allege that

19  any harm which came to Plaintiffs was a direct and proximate cause of their own actions.

20     6.      As a sixth affirmative defense to Plaintiffs' Complaint, the Defendants allege that

21  any of Plaintiffs' alleged damages or injuries were aggravated by their failure to use reasonable

22  diligence to mitigate them.

23     7.      As a seventh affirmative defense to Plaintiffs' Complaint, the Defendants allege

24  that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other

25  persons, firms, corporations or entities, for whom the defendants are not responsible.  Should

26  Plaintiffs be entitled to recover under the Complaint, their recovery should be reduced in

27  proportion to the negligence of such other persons, firms, corporations or entities.

28

1    8.    As a eighth affirmative defense to Plaintiffs' Complaint, Defendants alleged they

2  were acting in their official capacities at all times relevant to this action, and any alleged actions

3  were made in good faith, without malice, or were performed with a reasonable belief that their

4  actions were authorized by and in accord with existing law and authority. *Act Up!/Portland v.*

5  *Bagley*, 988 F.2d 868, 871 (9th Cir. 1993); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir.

6  1991).

7    9.    As a ninth affirmative defense to Plaintiffs' Complaint, Defendants allege that

8  their actions were privileged as a matter of law.  Consequently, no liability can be cast upon

9  them in their individual capacities.

10    10.  As a tenth affirmative defense to the Plaintiffs' Complaint, Defendants allege that

11  to the extent Plaintiffs attempt to allege state claims, these claims are barred pursuant to

12  California Government Code Sections 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6,

13  818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855,

14  855.8, 856 and 856.4.  Said sections are pleaded as though fully set forth herein.

15    11.  As an eleventh affirmative defense to the Plaintiffs' Complaint, Defendants allege

16  that any search or seizure of the Plaintiff or his property was reasonable and necessary to effect

17  lawful and proper law enforcement procedures and, as such, there can be no liability against

18  these Defendants.

19    12.  As a twelfth affirmative defense to Plaintiffs' Complaint, Defendants allege that

20  Plaintiffs' claims for punitive damages are barred by provisions of Government Code section

21  818 and *Newport v. Fact Concert, Inc.*, 453 U.S. 247 (1981).

22  //

23  //

24  //

25  //

26  //

27  //

28

1

## **PRAYER FOR JUDGMENT**

2    The Defendants pray for judgment as follows:

3    1.    That Plaintiffs takes nothing by their action;

4    2.    That the Defendants be awarded the costs of defending this lawsuit;

5    3.    Defendants have a judgment against the Plaintiffs; and,

6    4.    For such other and further relief as this Court deems proper.

7

8

9    DATED:  May 16, 2008                          /s/ - Alesia Jones-Martin
                                                    ALESIA JONES-MARTIN
10                                                  Assistant City Attorney
                                                    Attorney for Defendants,
11                                                  CITY OF VALLEJO and D. JOSEPH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  FREDERICK G. SOLEY
   City Attorney, SBN 100270
2  **ALESIA JONES-MARTIN**
   Assistant City Attorney, SBN 154420
3  **CITY OF VALLEJO,** City Hall
   555 Santa Clara Street, Third Floor
4  P.O. Box 3068
   Vallejo, CA  94590
5  Tel:  (707) 648-4545    Fax:  (707) 648-4687

6  Attorney for Defendants, CITY OF VALLEJO and D. JOSEPH

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10 COLIN M., a minor, through his guardian          )  **Case No. 4:08-CV-01930-WDB**
   ad litem, TRACY KELLY; TRACY KELLY,              )
11 individually and as guardian ad litem for        )
   Colin M.; and RON MASSIE,                        )
12                                                   )  **DEFENDANTS DUSTIN JOSEPH**
                                                    )  **AND CITY OF VALLEJO'S**
13                       Plaintiffs,                 )  **DEMAND FOR JURY TRIAL**
                                                    )
              v.                                     )
14                                                   )
   ST. HELENA HOSPITAL dba ST HELENA                )
15 HOSPITAL CENTER FOR BEHAVIORAL                   )
   HEALTH, FRANCIS J. MULLER, M.D.,                 )
16 KAISER FOUNDATION HOSPITAL dba                   )
   KAISER PERMANENTE, JASON ROBERT                  )
17 NAU, M.D., CITY OF VALLEJO,                       )
   D. JOSEPH, and DOES 1-25, inclusive,             )
18                                                   )
                       Defendants.                  )
19 _____  )

20        Defendants Dustin Joseph and the City of Vallejo hereby demand a trial by jury in the

21 above-entitled action as provided by the Seventh Amendment to the United States Constitution

22 and Rule 38 of the Federal Rules of Civil Procedure.

23

24 DATED:  May 16, 2008                      /s/ - Alesia Jones-Martin_____
                                            ALESIA JONES-MARTIN
25                                          Assistant City Attorney
                                            Attorney for Defendants,
26                                          CITY OF VALLEJO and D. JOSEPH

27

28