ROBERT M. SLATTERY (State Bar No. 62809)
CHRISTOPHER N. ODNE (State Bar No. 241175)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203
robert.slattery@mcnamaralaw.com
christopher.odne@mcnamaralaw.com

Attorneys for Defendant
ST. HELENA HOSPITAL DBA ST. HELENA HOSPITAL
CENTER FOR BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D.; KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. C08-01930 WDB<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  4/11/2008 |

This response is being submitted by ST. HELENA HOSPITAL DBA ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, hereinafter the answering Defendant. The answering defendant herein requests a jury trial.

### **JURISDICTION**

1.  The answering Defendant neither admits nor denies the allegations as they are

ANSWER TO COMPLAINT

legal matters not proper for admission or denial.

2. The answering Defendant neither admits nor denies the allegations as they are legal matters not proper for admission or denial.

## PARTIES

3. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Admit that St. Helena Hospital dba St. Helena Hospital Center for Behavioral Health is a business located in Vallejo, California. Deny as to all remaining allegations contained in paragraph 6.

7. Deny as to all allegations contained in this paragraph.

8. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each

ANSWER TO COMPLAINT

and every allegation contained therein.

12. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. The answering Defendant denies the allegations in paragraphs 13.

14. The answering Defendant denies the allegations in paragraphs 14.

## STATEMENT OF FACTS

15. In answering paragraphs 15 through 22, the answering Defendant responds as follows: Admit that plaintiff Colin M. was hospitalized at St. Helena Hospital-Center for Behavioral Health on May 15, 2007. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein in paragraphs 15 through 22.

## DAMAGES

16. The answering Defendant denies the allegations in paragraphs 23 through 26.

## FIRST CAUSE OF ACTION

17. The answering Defendant incorporates by reference its responses to paragraphs 1 through 26 of Plaintiffs' complaint.

18. The answering Defendant denies the allegations in paragraphs 27-29.

## SECOND CAUSE OF ACTION

19. The answering Defendant incorporates by reference its responses to paragraphs 1 through 29 of Plaintiffs' complaint.

20. The answering Defendant denies the allegations in paragraph 30-32.

## JURY DEMAND

21. The answering defendant hereby demands a jury trial in this action.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that said Complaint fails to state facts sufficient to constitute a claim against the answering Defendant.

2.	AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against the answering Defendant in Plaintiffs' Complaint herein.

3.	AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that at all times and places mentioned in the Complaint herein, the Plaintiffs failed to mitigate the amount of their damages. The damages claimed by Plaintiffs could have been mitigated by the due diligence of Plaintiffs or by one acting under similar circumstances. The Plaintiffs failure to mitigate is a bar to Plaintiffs recovery under the Complaint.

4.	AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that Plaintiffs own negligence in and about the matters alleged in Plaintiffs' Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs requires that any damages awarded to Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to Plaintiffs.

5.	AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.	AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

1    7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that Plaintiffs unclean hands preclude any recovery by Plaintiffs.

8.   AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that the Plaintiffs by virtue of their own conduct and omissions enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

9.   AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

10.   AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1.   That plaintiffs take nothing by way of their Complaint herein;

2.   For costs of suit;

3.   For attorney's fees;

4.   For such further relief as this Court may deem just and proper.

Dated: May 19, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
Robert M. Slattery
Christopher N. Odne
Attorneys for Defendant
ST. HELENA HOSPITAL DBA ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH

5

ANSWER TO COMPLAINT