MURO & LAMPE, INC.
Ross E. Lampe, Esq. (SBN: 172336)
David J. Garcia, Esq. (SBN: 209311)
2277 Fair Oaks Blvd. #155
Sacramento, CA 95825
Telephone:   (916) 925-9500
Facsimile:    (916) 925-9550

Attorneys for Defendants
Kaiser Foundation Hospitals, The
Permanente Medical Group, Inc., and
Jason Robert Nau, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D., KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive<br><br>Defendants. | Case No.: C08-01930 WHA<br><br>KAISER FOUNDATION HOSPITAL, THE PERMANENTE MEDICAL GROUP, INC. and, JASON ROBERT NAU, M.D.'s ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendants Kaiser Foundation Hospitals, The Permanente Medical Group, Inc. and Jason Robert Nau, M.D. (hereinafter "Defendants") by and through their attorneys Muro & Lampe, Inc. hereby answer the Complaint of Plaintiffs Colin M., a minor, through his guardian ad litem, Tracy Kelly; Tracy Kelly, individually and as guardian ad litem for Colin M.; and Ron Massie, (hereinafter "Plaintiffs") and state as follows:

## ADMISSIONS AND DENIALS

### INTRODUCTION

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint and, on that basis, deny those allegations.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint and, on that basis, deny those allegations.

### PARTIES

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint and, on that basis, deny those allegations.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Complaint and, on that basis, deny those allegations.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint and, on that basis, deny those allegations.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint and, on that basis, deny those allegations.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint and, on that basis, deny those allegations.

8. Defendants admit the allegations contained in Paragraph 8 except that they are without sufficient knowledge or information to form a belief as to the truth of the allegations that they perform a public function when admitting or treating minors who are placed on involuntary holds by local police agencies, on that basis, deny those allegations.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint and, on that basis, deny those allegations.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint and, on that basis, deny those allegations.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint and, on that basis, deny those allegations.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint and, on that basis, deny those allegations.

13. Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint and, on that basis, deny those allegations.

## STATEMENT OF FACTS

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint and, on that basis, deny

those allegations.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and, on that basis, deny those allegations.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and, on that basis, deny those allegations.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint and, on that basis, deny those allegations.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and, on that basis, deny those allegations.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint and, on that basis, deny those allegations.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint and, on that basis, deny those allegations.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint and, on that basis, deny those allegations.

///

## DAMAGES

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint and, on that basis, deny those allegations.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' Complaint and, on that basis, deny those allegations.

25. Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

27. Defendants hereby reincorporate by reference their responses to Paragraphs 1-26 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

30. Defendants hereby reincorporate by reference their responses to Paragraphs 1-29 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

## JURY DEMAND

Defendants admit that Plaintiffs purport to request a jury trial.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to the Plaintiffs' causes of

action.

### FIRST AFFIRMATIVE DEFENSE

The Complaint does not state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Complaint Is Barred By The Applicable Statute Of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to act reasonably to minimize or mitigate the damages or injuries alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The damages complained of by plaintiffs, if any there were, were caused by the acts or omissions of plaintiffs and/or others.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and others were negligent in and about the matters referred to in the Complaint, and such negligence bars and/or diminishes Plaintiffs' recovery against Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were solely negligent in and about the matters alleged in the Complaint, and such negligence on the part of said Plaintiffs was the sole proximate cause of said incident and the loss and damage complained of by Plaintiffs, if any there were.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because they acknowledged, ratified, consented to, or acquiesced to the wrongful acts alleged against Defendants in the Complaint.

///

### EIGHTH AFFIRMATIVE DEFENSE

The causes of action, if any, set forth in the Complaint herein are barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

These answering defendants are entitled to immunity from liability for the matters set forth in the Complaint under applicable statutes and case law including but not limited to California Welfare and Institutions Code § 5278.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages against Defendants, violates Defendant's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California and violates Defendant's right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in <u>BMW v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589 (1996) and <u>State Farm Ins. Co. v. Campbell</u>, 538 U.S. 408; 123 S. Ct. 1513, 1521; 155 L. Ed. 2d 585 (2003), and other cases, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### TENTH AFFIRMATIVE DEFENSE

The acts alleged in Plaintiff's Complaint are privileged under applicable statutes and case law.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to set out their claims with sufficient particularity to permit Defendants to raise all appropriate defenses and, thus, Defendants reserves their rights to add additional defenses as a factual basis for these claims becomes known.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That Plaintiffs take nothing by their action;

2. That Defendants recover their costs in this proceeding, including reasonable attorneys fees, and;

3. That judgment be entered in Defendants' favor;

4. For such other and further relief as this Court deems just and proper.

Dated: June 13, 2008

MURO & LAMPE, INC.

Ross E. Lampe, Esq.
Attorneys for Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., and Jason Robert Nau, M.D.