1  JOSEPH S. PICCHI, ESQ. (State Bar No. 157102)
   AARON T. SCHULTZ, ESQ. (State Bar No. 222949)
2  GALLOWAY, LUCCHESE, EVERSON & PICCHI
   A Professional Corporation
3  1676 North California Blvd., Suite 500
   Walnut Creek, CA  94596-4183
4  Tel. No. (925) 930-9090
   Fax No. (925) 930-9035
5  E-mail: aschultz@glattys.com

6  Attorneys for Defendant
   FRANCIS J. MULLER, JR., M.D.
7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 COLIN M., a minor, through his guardian ad        Case No.   C 08-01930 WHA
   litem, TRACY KELLY; TRACY KELLY,
12 individually and as guardian as litem for COLIN         The Honorable William H. Alsup
   M.; and RON MASSIE,
13
                                                    **NOTICE OF MOTION AND MOTION TO**
14         Plaintiffs,                              **DISMISS CLAIMS AGAINST FRANCIS J.**
                                                    **MULLER, JR., M.D. FOR FAILURE TO**
15         vs.                                      **STATE A CLAIM (FED. RULE CIV. P. RULE**
                                                    **12(B)(6); MEMORANDUM OF POINTS AND**
16 ST. HELENA HOSPITAL dba ST. HELENA               **AUTHORITIES IN SUPPORT THEREOF**
   HOSPITAL CENTER FOR BEHAVIORAL
17 HEALTH, FRANCIS J. MULLER, M.D.,
   KAISER FOUNDATION HOSPITAL dba             [Filed Concurrently With:
18 KAISER PERMANENTE, JASON ROVERT                1.  Proof of Service
   NAU, M.D., CITY OF VALLEJO, D. JOSEPH,        2.  [Proposed] Order.]
19 and DOES 1-25, inclusive,
                                                **Date:**   July 31, 2008
20         Defendants.                          **Time:**   8:00 a.m. ____
                                                **Courtroom:** 9, 19th Floor____
21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A**            100-8312/ATS/370263.doc
**IN SUPPORT THEREOF**

1

**TABLE OF CONTENTS**

2

MEMORANDUM OF POINTS AND AUTHORITIES

3  I.      STATEMENT OF ISSUE...................................................................................2

4  II.     PROCEDURAL AND FACTUAL BACKGROUND ...........................................2

5  III.    MOTION TO DISMISS....................................................................................3

6          A.     STANDARD ON MOTION TO DISMISS................................................3

7          B.     THE ALLEGATIONS IN THE COMPLAINT FAIL TO ESTABLISH THAT
                  DR. MULLER WAS ACTING UNDER COLOR OF STATE LAW. ........................3

8
                  1.     The Complaint does not allege that Dr. Muller was a public
9                        employee. ...............................................................................3

10                 2.     Dr. Muller does not qualify as a state actor. .............................4

11                        a.     Dr. Muller was not a state actor under the public function
                                test. ...........................................................................5
12
                          b.     Dr. Muller was not a state actor under the nexus test. ..................6
13
                          c.     Dr. Muller was not a state actor under the state compulsion
14                              test. ...........................................................................7

15                        d.     Dr. Muller was not a state actor under the joint action test............8

16 IV.     CONCLUSION..............................................................................................8

17

18

19

20

21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

i

**C 08-01930 WHA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**

100-8312/ATS/370263.d

1

## TABLE OF AUTHORITIES

2

**Cases**

3   *Balistreri v. Pacifica Police Dept,* 901 F.2d 696 (9th Cir. 1990)......................................................3

4   *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ...............................6, 7

5   *Briley v. State of California,* 564 F.2d 849 (9th Cir. 1977) ..........................................................4

6   *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)................................................3

7   *Ellison v. Garbarino,* 48 F.3d 192 (6th Cir. 1995)...........................................................4, 5, 6, 7

8   *Everest and Jennings, Inc. v. American Motorists Ins. Co.* 23 F.3d 226 (9th Cir. 1994) .............3

9   *George v. Pacific-CSC Work Furlough,* 91 F.3d 1227 (9th Cir. 1996) .............................4, 6, 7, 8

10  *Hall v. Quillen,* 631 F.2d 1154 (4th Cir. 1980) ..........................................................................4

11  *Heater v. Southwood Psychiatric Center,* 42 Cal.App.4th 1068, 49 Cal.Rptr.2d 880

12       (1996) ...........................................................................................................................5

13  *Howerton v. Gabica,* 708 F.2d 380 (9th Cir. 1983)....................................................................3

14  *Ivey v. Board of Regents,* 673 F.2d 266 (9th Cir. 1982) ..............................................................3

15  *Jackson v. Metropolitan Edison,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)................6

16  *Life Ins. Co. of N. America v. Reichardt,* 591 F.2d 499, 502 n.5 (9th Cir. 1979) ........................7

17  *Lugar v. Edmonson Oil Co., Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 72 L.Ed.2d 482 (1982)........3, 4

18  *Pino v. Higgs,* 75 F.3d 1461 (10th Cir. 1996) ............................................................................4

19  *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)............................7

20  *Rockwell v. Cape Cod Hospital,* 26 F.3d 254 (1st Cir. 1994) ........................................4, 5, 6, 7

21  *St. Joseph Hosp. v. Kuyper.* 146 Cal.App.3d 1086, 194 Cal.Rptr. 876 (1983) ...........................5

22  *Taylor v. First Wyoming Bank. N.A.,* 707 F.2d 388 (9th Cir. 1983).........................................5, 6

23  **Statutes**

24  42 U.S.C. §1983..............................................................................................................2, 3, 4, 8

25  Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................1

26  Welfare & Institutions Code §5151 ........................................................................................7

27  Welfare & Institutions Code §5152 ........................................................................................7

28  Welfare & Institutions Code §5257 ........................................................................................8

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**

100-8312/ATS/370263.d

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS COLIN M., A MINOR, THROUGH HIS GUARDIAN AD LITEM, TRACY KELLY; TRACY KELLY, INDIVIDUALLY AND AS GUARDIAN AS LITEM FOR COLIN M.; RON MASSIE AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 31, 2008 at 8:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 4, before the Magistrate Wayne D. Brazil of this Court, defendant FRANCIS J. MULLER, JR., M.D. ("Dr. Muller") will and hereby does, move this court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiffs' claims against him in the Complaint on the grounds that they fail to state a claim upon which relief may be granted. Specifically, the allegations in the complaint fail to support a finding that Dr. Muller was acting under color of state law when he provided care and treatment to the minor plaintiff.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, records and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of this motion.

//
//
//
//
//
//
//
//
//
//
//

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF

100-8312/ATS/370263.dc

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES

**Was Dr. Muller acting under color of state law with respect to the care and treatment he provided to Colin M.?**

## II. PROCEDURAL AND FACTUAL BACKGROUND

The Complaint includes two causes of action, both brought pursuant to 42 U.S.C. §1983. The first cause of action seeks damages for the violations of the minor plaintiff, Colin M.'s (hereinafter "Colin") Fourth and Fourteenth Amendment rights. (Complaint, ¶¶ 27-29.) The second cause of action alleges defendants deprived all plaintiffs of their right to familial relations under the First and Fourteenth Amendments. (Complaint, ¶¶ 30-32.) Both of these causes of action arise out of the alleged improper detention of the minor plaintiff Colin following an apparent altercation he had with his mother after school. According to the complaint, Colin, then six years old, had a temper tantrum while leaving school with his mother, and police were contacted by a school employee. (Complaint, ¶ 15.) When the police arrived, they took Colin and placed him in the back of their patrol care. Colin then began kicking and screaming inside the police car; prompting the police to place Colin under a Cal. Welf & Inst. Code 5150 hold.[1] An ambulance arrived and took Colin against his will and without his mother's consent to the Emergency Department at Kaiser Vallejo. (Complaint, ¶¶ 16-17.) Colin was admitted to Kaiser on arrival. According to the complaint, Colin's parents were not permitted to visit him and Colin was placed in restraints and given a tranquilizer while at Kaiser. (Complaint, ¶¶ 18-19.)

Later that night, according to the allegations in the complaint, Colin was transferred to St. Helena Hospital, a business located in St. Helena, California. (Complaint, ¶¶ 6, 20.) At the hospital he was assigned to moving defendant Dr. Muller for care and treatment. (Complaint, ¶ 20.) The next day, Colin's parents went to see their son but claim they were denied visitation until noon visiting hours. They were told at this time that Colin could not be released for another two days. (Complaint, ¶ 21.) Colin's parents returned the next day and demanded their son be

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF                                                              100-8312/ATS/370263.d

1   released; Dr. Muller eventually agreed to the request on the condition that the parents sign a

2   form stating that the release was against medical advice. (Complaint, ¶ 22.)

### III. MOTION TO DISMISS

4   **A.      STANDARD ON MOTION TO DISMISS**

5           A motion to dismiss should be granted if "it appears beyond doubt that the plaintiff can

6   prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

7   355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80, 84 (1957); *Balistreri v. Pacifica Police*

8   *Dept,* 901 F.2d 696, 699 (9th Cir. 1990). The court accepts the facts as stated by the non-

9   moving party from the record and draws all inferences in its favor. *Everest and Jennings, Inc. v.*

10  *American Motorists Ins. Co.* 23 F.3d 226, 228 (9th Cir. 1994) However, vague and

11  conclusionary allegations are not sufficient to withstand a motion to dismiss. *Ivey v. Board of*

12  *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

14  **B.      THE ALLEGATIONS IN THE COMPLAINT FAIL TO ESTABLISH THAT DR. MULLER
            WAS ACTING UNDER COLOR OF STATE LAW.**

15          To state a claim under 42 U.S.C. §1983, plaintiffs must show two essential elements: (1)

16  that the defendant acted under color of state law; and (2) that the defendant caused them to be

17  deprived of a right secured by the constitution and laws of the United States. *Howerton v.*

18  *Gabica*, 708 F.2d 380, 382 (9th Cir 1983) (citing *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922,

19  102 S.Ct. 2744, 72 L.Ed.2d 482 (1982)). The facts alleged in the complaint demonstrate that

20  plaintiffs can support neither element.

21          **1.      The Complaint does not allege that Dr. Muller was a public employee.**

22          Although the complaint does state that plaintiffs' contend that Dr. Muller was acting

23  under color state law, these statements are without any factual support and contradict the

24  factual allegations contained in the complaint. What the complaint does allege is that Dr. Muller

25  is an agent or employee of co-defendant St. Helena Hospital, a business located in St. Helena.

26  The definition of St. Helena accurately describes its true nature as a private business entity. Its

---

[1] Cal. Welf. & Inst. Code Section 5150 is part of the Lanterman-Petris-Short Act and provides for the involuntary detention of mentally disordered persons for evaluation and treatment.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

3

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**                                                    100-8312/ATS/370263.doc

1    employees and agent would likewise be private, not public employees.  There are no allegations

2    anywhere in the complaint that either Dr. Muller was an employee of the government, or that he

3    was performing any work for the government in relation to the care and treatment of Colin.

4    Because Dr. Muller was not a public employee and was not acting under color of state law, he

5    cannot be liable to plaintiff under 42 U.S.C. § 1983.

6         **2.    Dr. Muller does not qualify as a state actor.**

7         Four tests have been held to be applicable to deciding whether a private person or entity

8    qualifies as a state actor: the "public function" test, the "state compulsion" test, the "nexus" test,

9    and the "joint action" test. *Lugar v. Edmonson Oil Co., Inc., supra* , 457 U.S. at 939, 102 S.Ct. at

10   2754, 73 L.Ed.2d at 496-97; *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227 (9th Cir.

11   1996). While there is no specific formula for defining state action, every Circuit Court which has

12   analyzed the issue has held that state action is not present when a person is involuntarily

13   committed by a private physician or private hospital pursuant to a state statute. *Spencer v. Lee*,

14   864 F.2d 1376, 1377 (7th Cir. 1989) (en banc) cert. denied 494 U.S. 1016, 110 S.Ct. 1317, 108

15   L.Ed.2d 493 (1990) (private hospital and physician "do not lay themselves open to suit under 42

16   U.S.C. §1983 when they commit a mentally disturbed person"); *Harvey v. Harvey*, 949 F.2d

17   1127, 1130 (11th Cir. 1992) (private hospitals and physicians are not state actors under the

18   public function test, the state compulsion test, or the nexus/joint action test for liability under 42

19   U.S.C. §1983); *Ellison v. Garbarino*, 48 F.3d 192, 194-97 (6th Cir. 1995) (private hospital and

20   physician do not meet the public function test, state compulsion test, or nexus test for acting

21   under color of state law); *Rockwell v. Cape Cod Hospital*, 26 F.3d 254, 256-60 (1st Cir. 1994)

22   (private hospital and physicians do not meet the state compulsion test, nexus/joint action test, or

23   public function test for acting under color of state law); *Hall v. Quillen*, 631 F.2d 1154, 1155-56

24   (4th Cir. 1980) (private physician appointed by court is not state actor under 42 U.S.C. §1983);

25   *Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) (private doctor and social therapist were

26   not acting under color of state law); accord *Briley v. State of California*, 564 F.2d 849, 855-56

27   (9th Cir. 1977) (private hospital and physicians, alleged to have committed professional

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**

100-8312/ATS/370263.d

1  malpractice in a surgical procedure, did not come within the color of law requirement). Such is
2  the case here.

3             **a.**    **Dr. Muller was not a state actor under the public function test.**

4          The public function test "requires that the private entity exercise powers which are
5  traditionally *exclusively* reserved to the state." *Ellison, supra* , 48 F.3d at 195 (6th Cir. 1995)
6  (emphasis added). In each of the above decisions that addressed the public function test, the
7  courts determined that involuntary commitment had not historically been the exclusive
8  prerogative of the state. *Id.* at 196. Here, plaintiffs have not alleged any facts that would
9  support the position that Dr. Muller was a state actor under the public function test.

10          The subject conduct by Dr. Muller is not a public function. The public function must be an
11  exclusive public function. *Rockwell, supra*, 26 F.3d at 258 (1st cir. 1994).  "The exclusive
12  function test is related to situations where a state tries to escape its responsibilities by
13  delegating them to private parties." *Id.* (citations omitted). Such is the rule in the Ninth Circuit.
14  As the Court noted in *Taylor v. First Wyoming Bank. N.A.*, 707 F.2d 388, 390 (9th Cir. 1983),
15  "[c]are of the . . . infirm has traditionally been a function associated with the family, not with
16  sovereignty." See, *Spencer v. Lee*, 864 F.2d 1376, 1379 (7th Cir. 1989) citing *Taylor* with
17  approval ("The treatment of the mentally disabled . . . as of the sick and infirm generally, is not
18  [a traditional government] function.")

19          California law similarly confirms that private individuals may seek involuntary mental
20  health care for others without state involvement. See, e.g., *Heater v. Southwood Psychiatric*
21  *Center*, 42 Cal.App.4th 1068, 49 Cal.Rptr.2d 880 (1996) (private hospital was authorized to
22  involuntarily detain mentally disturbed and dangerous patient upon delivery to facility by
23  patient's family); *St. Joseph Hosp. v. Kuyper*. 146 Cal.App.3d 1086, 1088, 194 Cal.Rptr. 876
24  (1983)("Whether a facility is publicly or privately owned, the procedure for involuntary
25  confinement is the same"). It is clear that Dr. Muller was not a state actor merely by virtue of his
26  actions here that consisted of, allegedly, deciding to hold Colin and only releasing him to his
27  parents when they requested that he release him against medical advice; this after Colin had
28  been admitted to another private hospital after a different hold had been placed on him by the

5

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A**
**IN SUPPORT THEREOF**

100-8312/ATS/370263.doc

1 police. There are no allegations in the complaint that would support a claim that Dr. Muller was

2 a state actor under the public function test.

3      **b. Dr. Muller was not a state actor under the nexus test.**

4   The "nexus" test requires a sufficiently close relationship between the state and the

5 private actor so that the action taken by the private actor may be attributed to the state. *George,*

6 *supra* , 91 F.3d at 1230-31; *Ellison, supra* , 48 F.3d at 195. The purpose of this requirement is to

7 confirm that constitutional standards are involved only when it can be said that the state is

8 responsible for the specific conduct that the plaintiff complains. *Blum v. Yaretsky*, 457 U.S. 991,

9 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534, 546 (1982).

10   As stated in *Blum,*

11     The Fourteenth Amendment of the Constitution provides in part
that "[n]o State shall ... deprive any person of life, liberty, or
12     property without due process of law." Since this Court's decision in
the Civil Rights Cases, "the principle has become firmly
13     embedded in our constitutional law that the action inhibited by the
first section of the Fourteenth Amendment is only such action as
14     may fairly be said to be that of the States." "That Amendment
erects no shield against merely private conduct, however
15     discriminatory or wrongful."

16 *Id.* at 1002 [citations omitted].

17   Statutory guidelines pertaining to involuntary treatment or commitment in either private

18 or public hospitals do not constitute a sufficient "nexus" between the State and Dr. Muller to

19 render either a state actor. See, e.g., *Blum, supra*, 457 U.S. at 1004, 73 L.Ed.2d at 546-47

20 (1982), citing *Jackson v. Metropolitan Edison*, 419 U.S. 345, 350, 95 S.Ct. 449, 42 L.Ed.2d 477,

21 (1974) ("although it is apparent that nursing homes in New York are extensively regulated, '[t]he

22 mere fact that a business is subject to state regulation does not by itself convert its action into

23 that of the State for purposes of the Fourteenth Amendment'"); *Rockwell, supra*. 26 F.3d at 258

24 ("government regulation, even extensive regulation, and the receipt of federal funds such as

25 Medicare . . . are insufficient to establish that a hospital or other entity acted under color of state

26 law" when involuntarily committing plaintiff under state statute); *Taylor, supra*, 707 F.2d at 389

27 ("[t]he mere fact that a business is regulated by state law or agency does not convert its

28 dealings into acts 'under color of state law'"); *Life Ins. Co. of N. America v. Reichardt*, 591 F.2d

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

6

**C 08-01930 WHA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**    100-8312/ATS/370263.d

1    499, 502 n.5 (9th Cir. 1979) ("California's extensive regulation of insurance companies, standing

2    alone, is insufficient state involvement"). There are no allegations in the complaint that would

3    support a finding that Dr. Muller had a sufficiently close relationship with the state so that his

4    actions could be fairly attributable to the state.

5              **c.    Dr. Muller was not a state actor under the state compulsion test.**

6              Under the state compulsion test, a private entity may only be found to be acting as the

7    state where some state law or custom requires a certain course of action. *George, supra* , 91

8    F.3d at 1232. "Mere approval or acquiescence in the initiatives of a private party is not sufficient

9    to justify holding the State responsible for those initiatives under the terms of the Fourteenth

10   Amendment." *Blum, supra*. 457 U.S. at 1004-1005, 73 L.Ed.2d at 547. Thus, where the state

11   statute on involuntary commitments is permissive and not mandatory, no state compulsion may

12   be found. *Rockwell, supra*, 26 F.3d at 258; *Ellison, supra*, 48 F.3d at 196.  Where a professional

13   exercises independent judgment and discretion on behalf of the individual served and not the

14   state, there is insufficient evidence to support a claim that his acts were taken under color of

15   state law within the meaning of §1983." *Polk County v. Dodson*, 454 U.S. 312, 321-22, 102

16   S.Ct. 445, 70 L.Ed.2d 509, 518-19 (1981).  There are no allegations that such coercion was

17   present in this case. Under the allegations in the complaint, the minor plaintiff was brought to

18   the hospital by law enforcement personnel to Kaiser after he had already been placed on a

19   5150 hold.  There are no allegations that the police had any further involvement with the

20   decisions made at Kaiser to keep or to transfer Colin.  When Colin was transferred to St.

21   Helena, and placed in Dr. Muller's care, any involvement by the police was far removed, and

22   there are no allegations that the decision to hold Colin for an extended period was in anyway

23   compelled by a continuing state involvement.  Plaintiffs did not, and cannot, allege that the

24   officers, or any other state official, exerted either overt or covert coercion to accomplish Collin's

25   commitment.

26              This is consistent with the subject California regulations which neither coerce nor

27   encourage involuntary treatment. Under the Lanterman-Petris-Short Act, the decision whether to

28   involuntarily commit and treat a patient is solely dependent on the professional judgment of the

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF

100-8312/ATS/370263.dc

7

1   health care professionals who are treating the patient. Cal. Welf. & Inst. Code §§ 5151, 5152,
2   5257. That is, under the Lanterman-Petris-Short Act, Dr. Muller could not be coerced nor
3   constrained by any "state-approved" procedure and plaintiffs' Section 1983 claims fail under the
4   state compulsion test.

5              **d.    Dr. Muller was not a state actor under the joint action test.**

6        Under the joint action approach, private actors can be state actors if they are willful
7   participants in joint action with the state, such as in a conspiracy to deprive an individual of their
8   constitutional rights. *George, supra* , 91 F.3d at 1231. However, police assistance in the lawful
9   exercise of private commitment does not create a conspiracy with the private person or entity
10  exercising the private commitment. *Spencer, supra*, 864 F.2d at 1382.

11       Here, plaintiffs have failed to allege any joint action or conspiracy by the police and Dr.
12  Muller or the hospital. Even if they were to speculate that the police would assist in his detention
13  if he tried to leave, such assistance is permissible and does not rise to the level of conspiracy
14  because the Lanterman-Petris-Short Act permits involuntary commitment. As a result, plaintiffs'
15  Section 1983 claims fail the joint action test.

16                        **IV.  CONCLUSION**

17       Plaintiffs cannot, as a matter of law, state a cause of action under 42 U.S.C. §1983
18  because Dr. Muller was not acting under color of state law at any time while treating and
19  evaluating the minor plaintiff. Based upon the foregoing, defendant Dr. Muller respectfully
20  requests this Court dismiss plaintiffs' claims against Dr. Muller.

21  Dated:  June 19, 2008
                                    GALLOWAY, LUCCHESE, EVERSON &
22                                  PICCHI
23
24                                  By: _____
25                                      AARON T. SCHULTZ, ESQ.
                                        Attorneys for Defendant
26                                      FRANCIS J. MULLER, JR., M.D.
27
28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

8

C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF

100-8312/ATS/370263.doc

1

**PROOF OF SERVICE**

2  I declare under penalty of perjury that:

3  I am a citizen of the United States and am employed in the County of Contra Costa. I am over
the age of eighteen years and not a party to the within action. My business address is 1676
4  North California Boulevard, Suite 500, Walnut Creek, CA 94596-4183.

5  On the date set forth below, I caused the attached:

6  **1.    NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE A CLAIM (FED. RULE CIV. P. RULE 12(B)(6); MEMORANDUM OF POINTS
7     AND AUTHORITIES IN SUPPORT THEREOF;**
**2.    [PROPOSED] ORDER**
8

9  to be served on the parties to this action as follows:

10  **[    ]  BY MAIL.**

11  I placed a true copy thereof, enclosed in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Walnut Creek, California, addressed to the parties
12  as set forth on the attached service list. C.C.P. §§1013(a), 2015.5.

13  **[    ]  BY COURIER SERVICE.**

14  I retained   CCX Couriers, Inc. of Walnut Creek, California, to personally serve a true
copy thereof on the parties as set forth on the attached service list. C.C.P. §§1011,
15  2015.5.

16  **[X]  BY UNITED PARCEL SERVICE.**

17  I retained **UNITED PARCEL SERVICE** to serve by overnight delivery a true copy thereof
on the parties as set forth on the attached service list. C.C.P. §§1013(c), 2015.5.

18  **[    ]  BY FACSIMILE TRANSMISSION.**

19  I am readily familiar with this law firm's business practices for collection and processing
of documents by way of facsimile. I telefaxed a true copy thereof at said facsimile
20  number(s) as set forth on the attached service list. C.C.P. §§1013(e), 2015.5 and
C.R.C. §2008.
21

22  **[    ]  BY PERSONAL SERVICE.**

23  I personally served a true copy thereof on the parties as set forth on the attached service
list at . C.C.P. §§1101, 2015.5.
24

25  Executed on June  19  2008 at Walnut Creek, California.

26

27  Debbie K. Miller

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

9

C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF

100-8312/ATS/370263.doc

1   MASSIE V. MULLER

2   USDC/NORTHERN DISTRICT COUNTY SUPERIOR COURT CASE NO. C 08-01930 WDB

3                                      **SERVICE LIST**

4

5
    John Houston Scott, Esq.                    Counsel for Plaintiffs COLIN M., a minor,
6   Lizabeth N. de Vries, Esq.                  through his guardian ad litem, TRACY
    The Scott Law Firm                          KELLY; TRACY KELLY, individually and
7   1375 Sutter Street, Suite 222               as guardian as litem for COLIN M.; and
    San Francisco, CA  94109                    RON MASSIE
8   Fax: (415) 561-9609

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

                                      10

**C 08-01930 WHA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMO. P&A
IN SUPPORT THEREOF**                                    100-8312/ATS/370263.doc

1  JOSEPH S. PICCHI, ESQ. (State Bar No. 157102)
   GALLOWAY, LUCCHESE, EVERSON & PICCHI
2  A Professional Corporation
   1676 North California Blvd., Suite 500
3  Walnut Creek, CA 94596-4183
   Tel. No. (925) 930-9090; Fax No. (925) 930-9035
4  E-mail: aschultz@glattys.com

5  Attorneys for Defendant
   FRANCIS J. MULLER, JR., M.D.

6

7              IN THE NORTHERN DISTRICT OF CALIFORNIA

8                        OAKLAND DIVISION

9

10 COLIN M., a minor, through his guardian ad       Case No.  C 08-01930 WHA
   litem, TRACY KELLY; TRACY KELLY,
11 individually and as guardian as litem for COLIN         The Honorable William H. Alsup
   M.; and RON MASSIE,
12
           Plaintiffs,                              **[PROPOSED] ORDER GRANTING MOTION
13                                                  TO DISMISS**
       vs.
14
   ST. HELENA HOSPITAL dba ST. HELENA
15 HOSPITAL CENTER FOR BEHAVIORAL                  **Date:**  July 31, 2008
   HEALTH, FRANCIS J. MULLER, M.D.,               **Time:**  8:00 a.m.
16 KAISER FOUNDATION HOSPITAL dba                 **Courtroom:**  9, 19th Floor
   KAISER PERMANENTE, JASON ROVERT
17 NAU, M.D., CITY OF VALLEJO, D. JOSEPH,
   and DOES 1-25, inclusive,
18
           Defendants.
19

20        The motion of defendant FRANCIS J. MULLER, JR., M.D. came on regularly for a

21 hearing today;

22 The Court having considered the Complaint, defendant FRANCIS J. MULLER, JR., M.D.'S

23 motion to dismiss and the other papers and pleadings on file herein; now therefore, good cause

24 appearing, the Court hereby grants defendant's motion to dismiss plaintiffs' claims against him

25 as stated in plaintiffs' complaint.

26 Dated:_____

27                                                  _____
                                                    Judge of the United States District Court
28                                                  for the Northern District of California

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

C 08-01930 WHA:  [PROPOSED] ORDER GRANTING MOTION TO DISMISS                    100-8312/ATS/370269.doc