MURO & LAMPE, INC.
Ross E. Lampe, Esq. (SBN: 172336)
David J. Garcia, Esq. (SBN: 209311)
2277 Fair Oaks Blvd. #155
Sacramento, CA 95825
Telephone:    (916) 925-9500
Facsimile:    (916) 925-9550
Ross.lampe@muro-lampe.com
David.garcia@muro-lampe.com


Attorneys for Defendants
Kaiser Foundation Hospitals, The
Permanente Medical Group, Inc., and
Jason Robert Nau, M.D.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE, <br><br>Plaintiffs, <br><br>vs. <br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D., KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive <br><br>Defendants. | Case No.: C08-01930 WHA <br><br>**JOINT CASE MANAGEMENT STATEMENT FRCP 26(f)** |

1

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f), a telephonic meeting was held on June 30, 2008, and July 7, 2008, and was attended by Lizabeth N. de Vries for Plaintiffs, COLIN M., a minor, through his guardian ad litem, TRACY KELLY, TRACY KELLY, individually and as guardian ad litem for Colin M., and RON MASSIE; Alesia Jones-Martin for Defendant CITY OF VALLEJO and D. JOSEPH; David J. Garcia and Ross E. Lampe for Defendants KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE (Hereinafter "Kaiser"), JASON ROBERT NAU, M.D. (Hereinafter "Dr. Nau"); Aaron Shultz for FRANCIS J. MULLER, M.D.; and, Robert Slattery for ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH (Hereinafter "St. Helena"). Plaintiffs and Defendants will hereinafter be referred to as the "Parties." During the telephonic conference, counsel met and conferred as required by the FRCP and Local Rules. The Parties jointly submit the following Joint Status Report after fulfilling their meet and confer requirements.

1.   **JURISDICTION AND VENUE**

This action arises under 42 U.S.C. 1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2.   **FACTS**

Plaintiffs' Statement

On May 15, 2007, plaintiff Colin M., then six years old, was leaving elementary school with his mother, Tracy Kelly, at the end of the school day. He had a temper tantrum over some crayons. A school employee contacted the police.

When the police arrived at the scene, Colin M. had calmed down and was seated in his booster seat in his mother's car. While two City of Vallejo City police officers were questioning Tracy Kelly, one of them grabbed Colin and put him into the patrol car's back

1

**JOINT CASE MANAGEMENT STATEMENT**

seat. Colin became frightened and agitated; he started kicking and screaming inside the police car. Tracy Kelly attempted to persuade the police to let her take her son home.

Instead, defendant D. JOSEPH placed Colin under a "5150" hold. An ambulance arrived and took Colin, against his will and without his mother's consent, to the Emergency Department at defendant Kaiser in Vallejo.

Colin was traumatized and frightened when he arrived at Kaiser. Colin was separated from his mother and admitted on an involuntary basis. Defendant Robert Jason Nau, M.D. ordered Colin be placed in four-point restraints and injected with a tranquilizer, Ativan. This was done without the knowledge or consent of Colin's parents, Plaintiffs Tracy Kelly (mother) and Ron Massie (father). His parents were not allowed to see him.

That night Colin was transferred against his will and without his parents' consent to St. Helena on the seventy-two hour involuntary hold. He was assigned to defendant FRANCIS J. MULLER, M.D for care and treatment. The next morning Tracy Kelly and Ron Massie went to St. Helena to see their son and take him home. They were told that they could not see Colin until noon because of "visiting hours."

When they eventually saw Colin, he was frightened and traumatized. They were asked to sign documents but refused to do so. They were also told that Colin would not be released for at least another two days. Colin wanted to return home. There was no legal reason to detain him. Dr. Muller caused Colin's continued false imprisonment and ordered treatment without the consent of the Plaintiffs.

Tracy Kelly and Ron Massie returned the next day and demanded that their son be released to them. Dr. Muller again refused to release Colin, but ultimately agreed to do so, on the condition that they sign a form stating it was AMA (Against Medical Advice).

///

2

JOINT CASE MANAGEMENT STATEMENT

### Kaiser and Dr. Nau's Statement

On May 15, 2007, Kaiser placed Collin Massie under a Welfare & Institutions Code § 5150. In doing so, Kaiser and Dr. Nau acted in good faith based upon information provided by the Vallejo Police Department Officer D. Joseph and S. De Jesus, and its own observations of Collin Massie at Kaiser Vallejo. Kaiser is entitled to immunity pursuant to California Welfare and Institutions Code § 5278. As a result, Plaintiffs are not entitled to any award or punitive damages.

### Statement of St. Helena Hospital dba St. Helena Hospital for Behavioral Health

On May 15, 2007, Colin Massie was admitted to Kaiser Foundation Hospital in Vallejo under Welfare & Institutions Code section 5150 and thereafter transferred to St. Helena Hospital. On May 17, 2007, he was released. It is St. Helena Hospital's position that it is entitled to immunity pursuant to California Welfare and Institutions Code section 5278. As a result, Plaintiffs are not entitled to an award or punitive damages.

### Francis J. Muller's Statement

Dr. Muller is a private physician duly licensed in the state of California. At the times indicated in the complaint Dr. Muller was working in his role as a physician at St. Helena Hospital which, to his knowledge, is a private not for profit entity.

### The City of Vallejo's Statement

On May 23, 2008, the City of Vallejo filed a bankruptcy petition pursuant to 11 U.S.C. § 101, et seq. Pursuant to 11 U.S.C. § 362, this action has been stayed as to the City of Vallejo and D. Joseph.

3.    LEGAL ISSUES

### Plaintiffs' Statement

Given that the City of Vallejo has sought protections from creditors by filing for bankruptcy, and that action would serve to stay this litigation, the plaintiffs intend to seek a Court order to amend their complaint and dismiss without prejudice the City of Vallejo and police officer D. Joseph in his official capacity. Plaintiffs will <u>not</u> seek to dismiss D. Joseph as a police officer in his individual capacity because this case is brought against D. Joseph for his violation of civil rights under 42 U.S.C. § 1983, *respondeat superior* does not apply as a matter of law to his employer, the City of Vallejo, so the City's bankruptcy should not effect his being named as an individual defendant in this lawsuit.

Kaiser and Dr. Nau, St. Helena Hospital dba St. Helena Hospital for Behavioral Health and Dr. Muller do not object to the dismissals but do not stipulate to the dismissals. These parties and Plaintiffs agree that they can depose Officer D. Joseph and any other City of Vallejo or City of Vallejo Police Department employee involved in the incident.

<u>The City of Vallejo's Statement</u>

If Officer D. Joseph remains in the litigation in his individual capacity, the City of Vallejo contends the entire action should be stayed because of the City of Vallejo's bankruptcy petition because Officer Joseph was acting in the course and scope of employment as a police officer when he encountered Collin Massie.

<u>Kaiser and Dr. Nau's Statement</u>

Kaiser and Dr. Nau are entitled to immunity from liability pursuant to California Welfare and Institutions Code § 5278. Plaintiffs' Complaint does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in <u>BMW v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589 (1996) and <u>State Farm Ins. Co. v. Campbell</u>, 538 U.S. 408; 123 S. Ct. 1513, 1521; 155 L. Ed. 2d 585 (2003).

### Statement of St. Helena Hospital dba St. Helena Hospital for Behavioral Health

St. Helena Hospital is entitled to immunity from liability pursuant to California Welfare and Institutions Code section 5278. As stated in co-defendant's statement and the cases cited therein, Plaintiffs' complaint does not meet the tests for allowing punitive damages.

### Francis J. Muller's Statement

It is too early at this stage to discuss all the legal issues that may arise in this case; however, Dr. Muller has moved to dismiss the claims against him on the grounds that Plaintiffs have not alleged facts demonstrating that he was acting under color of state law.

## 4. MOTIONS

### Plaintiffs' Statement

Plaintiffs will be seeking a court order to proceed with this litigation despite the City of Vallejo's filing for bankruptcy as described above.

### Statement of Kaiser, Dr. Nau's and St. Helena Hospital dba St. Helena Hospital for Behavioral Health

These Defendants anticipate filing a motion for summary judgment or in the alternative summary adjudication.

### Francis J. Muller's Statement

It is too early to determine what motions may be necessary to be filed beyond Dr. Muller's motion to dismiss.

## 5. AMENDMENT OF PLEADINGS

### Plaintiffs' Statement

Plaintiffs will be seeking a court order to proceed with this litigation, which may include amending their complaint, to address the City of Vallejo's filing for

bankruptcy as described above.

### Kaiser and Dr. Nau's Statement

Dr. Nau is seeking a dismissal from Plaintiffs in exchange for a stipulation that he was acting within the course and scope of his employment during this incident.

### Statement of St. Helena Hospital dba St. Helena Hospital for Behavioral Health

St. Helena Hospital does anticipate amending its pleadings to add the aforesaid immunities. Additionally, depending upon the result of Dr. Muller's pending motion to dismiss, St. Helena Hospital will file an amended answer if the complaint is amended.

## 6. EVIDENCE PRESERVATION

Plaintiffs, Kaiser, Dr. Nau, St. Helena Hospital dba St. Helena Hospital for Behavioral Health and Francis J. Muller secured all relevant medical records which contain all relevant, non-privileged case documents.

## 7. DISCLOSURES

### Plaintiffs' Statement

Plaintiffs will provide timely disclosures under Rule 26 and this court's order. During joint teleconferences to prepare this joint statement, the parties agreed to serve each other with disclosures, as set forth in this court's order to occur on July 14, 2008, by mail.

### Statement of Kaiser, Dr. Nau, and St. Helena Hospital dba St. Helena Hospital for Behavioral Health

These Defendants provided timely disclosures pursuant to Rule 26. The disclosures consist primarily of the relevant medical records of Collin Massie and the names of employees involved in Colin Massie's treatment.

///

**JOINT CASE MANAGEMENT STATEMENT**

<u>Francis J. Muller's Statement</u>

Dr. Muller will provide timely disclosures pursuant to FRCP 26.

## 8. DISCOVERY

The Parties have not conducted any discovery to date. The limitations on discovery imposed by the FRCP should apply to this case except that depositions shall be limited to a maximum of seven hours unless extended by agreement of the Parties.

Kaiser, Dr. Nau, St. Helena Hospital dba St. Helena Hospital for Behavioral Health and Francis J. Muller propose the following discovery plan pursuant to Rule 26(f).

1. The Parties may serve their first request for documents, interrogatories and requests for admissions pursuant to Federal Rule of Civil Procedure 33, 34, and 36 on or after July 15, 2008.

2. The Parties may serve their first notices of deposition pursuant to Federal Rule of Civil Procedure 30 on or after August 1, 2008.

3. Depositions of all parties shall be completed by January 15, 2009.

4. The Parties shall serve subpoenas on any third party witnesses no later than January 15, 2009.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

There are not any related cases.

## 11. RELIEF

Plaintiffs seek compensatory damages, general, and punitive damages according to proof; attorneys' fees and costs; appropriate injunctive relief designed to remedy the

unlawful practices alleged herein; and for such other and further relief as the Court may deem necessary and appropriate.

12. **SETTLEMENT AND ADR**

The Parties agree to a settlement conference at this stage of the litigation.

<u>Plaintiffs' Statement</u>

Plaintiffs do not agree to binding arbitration.

<u>Statement of Kaiser, Dr. Nau and St. Helena Hospital dba St. Helena Hospital for Behavioral Health</u>

These Defendants are not in possession of sufficient information regarding the Plaintiffs' causes of action to assess the prospects for settlement.

<u>Francis J. Muller's Statement</u>

Dr. Muller is not in possession of sufficient information regarding the Plaintiffs' claims to assess the prospects for settlement or ADR. However, given the nature of the claims against Defendants, this case is not appropriate for arbitration, but may benefit from private mediation once sufficient discovery has been completed.

<u>The City of Vallejo's Statement</u>

On May 23, 2008, the City of Vallejo filed a bankruptcy petition pursuant to 11 U.S.C. § 101, et seq.. Pursuant to 11 U.S.C. § 362, this action has been stayed as to the City of Vallejo and D. Joseph. Notwithstanding the bankruptcy petition, the City of Vallejo does not agree to binding arbitration.

13. **CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs previously consented to a magistrate judge for all purposes.

Plaintiffs, Kaiser, Dr. Nau and St. Helena Hospital dba St. Helena Hospital for

Behavioral Health agree to a Magistrate Judge to act as a settlement judge.

### 14. OTHER REFERENCES

<u>Kaiser and Dr. Nau's Statement</u>

This case is appropriate for binding arbitration.

<u>Statement of St. Helena Hospital dba St. Helena Hospital for Behavioral Health</u>

St. Helena Hospital does not feel this is a case appropriate for binding arbitration.

<u>Francis J. Muller's Statement</u>

Dr. Muller will not consent to, nor is this case appropriate for, binding arbitration.

### 15. NARROWING OF ISSUES

None.

### 16. EXPEDITED SCHEDULE

This case is not appropriate for an expedited schedule in part because of the recent bankruptcy filing by Defendant City of Vallejo, and the Francis J. Muller's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6).

### 17. SCHEDULING

The Parties agree that all expert witness information required by FRCP Rule 26(a)(2) shall be disclosed in accordance with the default timelines set forth in FRCP Rule 26(a)(2). The Parties shall complete non-expert discovery by February 2, 2009. Dispositive motions shall be filed on or before March 2, 2009. The Parties propose the earliest available date after May 1, 2009 for the pretrial conference. The Parties propose the earliest available trial date after June 1, 2009.

### 18. TRIAL

Plaintiffs, The City of Vallejo, Officer D. Joseph, Kaiser, Dr. Nau and St. Helena

Hospital dba St. Helena Hospital for Behavioral Health requested a jury trial. Trial is expected to last approximately eight days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On or before July 10, 2008, Plaintiffs, Kaiser, Dr. Nau Francis J. Muller, M.D., and St. Helena Hospital filed a Certification of Interested Parties or Persons pursuant to Local Rule 3-16.

**20.    OTHER MATTERS**

None.

DATE: July 10, 2008                              By:_____/S/_____
                                                 David J. Garcia, Esq.
                                                 Attorneys for Kaiser Foundation
                                                 Hospitals, The Permanente
                                                 Medical Group, Inc., and Jason
                                                 Robert Nau, M.D.

DATE: July 10, 2008                              By:  _____/S/_____
                                                 Robert M. Slattery, Esq.
                                                 Attorneys for St. Helena Hospital
                                                 dba St. Helena Hospital Center for
                                                 Behavioral Health

DATE: July 10, 2008                              By:  _____/S/_____
                                                 Lizabeth N. de Vries, Esq.
                                                 Attorneys for Colin M., a minor,
                                                 through his guardian ad litem,
                                                 Tracy Kelly; Tracy Kelly, individually
                                                 and as guardian ad litem for Colin
                                                 M.; and Ron Massie

DATE: July 10, 2008                              By:  _____/S/_____
                                                 Aaron T. Schultz, Esq.
                                                 Attorneys for Francis J. Muller, M.D.

DATE: July 10, 2008                              By:  _____/S/_____
                                                 Alesia Jones-Martin, Esq.
                                                 Attorneys for The City of Vallejo
                                                 and D. Joseph