John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE,<br><br>Plaintiffs,<br><br>v.<br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D., KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive<br><br>Defendants. | Case No.: C08-01930 WHA<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE**<br><br>Date:  August 28, 2008<br>Time:  8:00 a.m.<br>Place:  Courtroom 9, 19th Fl.<br>Judge:  Hon. William Alsup |

Plaintiffs COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE, hereby bring this motion to amend their complaint or in the alternative dismiss the City of Vallejo without prejudice.

## INTRODUCTION & PROCEDURAL POSTURE

The plaintiffs filed their original complaint on 4/11/08 and alleged two causes of action under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments against

- 1 -

1  the City of Vallejo and other defendants. The City of Vallejo filed an answer to this complaint on
2  5/16/08.
3  　　　　The City of Vallejo filed Chapter 9 bankruptcy and sought a stay in this case on behalf of
4  the municipal entity. The City of Vallejo filed a Notice of Automatic stay in this case on 5/28/08
5  as to the debtor City of Vallejo. In the context of preparing a joint case-management-conference
6  statement, the parties discussed options to address the bankruptcy issue. The City of Vallejo
7  argued that the City's bankruptcy requires a stay on this entire lawsuit. The plaintiffs notified the
8  Court that they intended to bring this motion. The City's attorney argued that even if the
9  municipality is dismissed, if its employee, D. Joseph, remains a party to the lawsuit, the action
10 should be stayed. The parties shared this information with the Court by filing their joint case-
11 management-conference statement on 7/10/08.
12 　　　　On 7/17/08, this Court conducted its first case management conference and invited the
13 plaintiffs to file a motion to amend or dismiss the City of Vallejo without prejudice by 7/22/08 at
14 noon. The parties who appeared at the conference did not object to this course of action.
15 　　　　On a calendaring front, plaintiffs respectfully propose that this Court consider
16 consolidating two hearings set one week apart on complaint-related motions. Defendant Robert
17 Muller, M.D., filed a motion to dismiss, alleging the complaint fails to adequately plead that he
18 was a "state actor" for purposes of 42 U.S.C. § 1983 liability although he deprived Colin M. of
19 his liberty and other constitutional interests under the rubric of California Welfare & Institutions
20 Code § 5150. Plaintiffs will be filing a timely opposition to this motion, set to be heard on
21 8/21/08, and, may seek leave of Court, if necessary, to amend their complaint. It may be more
22 efficient and preserve judicial resources to consider both motions on 8/28/08 when this motion is
23 set for hearing rather than 8/21 and 8/28 so this Court may rule on both complaint-related
24 motions, and, if necessary, plaintiffs may seek leave to file a further amended complaint.
25 　　　　In this motion, plaintiffs respectfully seek to amend their complaint under FRCP 15 or in
26 the alternative, dismiss the City of Vallejo without prejudice under FRCP 41 for the reasons set
27 forth below.
28 ///

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 2 -

**PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DISMISS THE CITY OF VALLEJO WITHOUT PREJUDICE**

## ARGUMENT

### I. Plaintiffs may seek leave to amend under FRCP 15.

If already served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15.

Here the City of Vallejo has filed an answer to the plaintiffs' complaint. The City of Vallejo filed a Notice of Automatic stay in this case on 5/28/08 as to the debtor City of Vallejo. A debtor may file for a stay on the continuation of a judicial action against the debtor that was commenced before the commencement of the bankruptcy filing. 11 U.S.C.A. § 362(a). The plaintiffs seek to pursue this action by dismissing the City of Vallejo without prejudice at this time. Justice requires permitting the plaintiffs to amend their complaint to dismiss the City of Vallejo without prejudice because it filed for bankruptcy protections and was granted a Notice of Stay by the bankruptcy court for this lawsuit. Plaintiffs may elect who they name as defendants in this civil lawsuit, and, have elected to no longer pursue the City of Vallejo at this time to be able to proceed against the other defendants who have not filed for bankruptcy.

Plaintiffs request leave to file their First Amended Complaint, a proposed version of which is attached as Exhibit A to the Declaration of Lizabeth N. de Vries in support of this motion. In that amended complaint, the City of Vallejo has been removed as a party.

### II. In the alternative, plaintiffs seek leave to dismiss the City of Vallejo without prejudice under FRCP 41.

After a responsive pleading is filed, plaintiffs may voluntarily dismiss without prejudice "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). Plaintiffs seek to dismiss the City of Vallejo for the same reasons that they sought to amend their complaint, cited above.

It is anticipated that defendant the City of Vallejo and D. Joseph will contest this motion. If the City of Vallejo is dismissed, it will not be exposed to liability arising out of its employee's acts and omissions under 42 U.S.C. § 1983, which does not permit vicarious liability under *respondeat superior*. D. Joseph should not be entitled to stay this entire litigation because his

employer, the City of Vallejo, filed for bankruptcy. Plaintiffs are aware of no authority which supports this type of a stay. Plaintiffs are aware of no facts to support this type of a stay. The bankruptcy court's issuance of a stay in this lawsuit was only as to the debtor, the City of Vallejo. Plaintiffs believe that (1) D. Joseph has not filed for bankruptcy protection himself; and (2), and the bankruptcy court has not and will not issue a stay order as to D. Joseph under the City of Vallejo's case. Plaintiffs reserve their rights to argue these points further in their reply brief if appropriate. Otherwise, these arguments should be rejected.

## CONCLUSION

In conformity with Rules 15(a) and 41(a)(2), and with all authority set forth above, the plaintiffs have a substantive right to make the amendments provided for above or in the alternative dismiss the City of Vallejo without prejudice. In addition, the soon-to-be dismissed defendant City of Vallejo and defendant D. Joseph have no authority to stay this litigation.

DATED: July, 22 2008

**SCOTT LAW FIRM**

By: /s/
LIZABETH N. dE VRIES
Attorney for Plaintiffs
COLIN M., TRACY KELLY
and RON MASSIE

- 4 -

**PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DISMISS THE CITY OF VALLEJO WITHOUT PREJUDICE**