1 | **JONES & DYER**
**A Professional Corporation**
2 | **1800 J Street**
**Sacramento, California 95811**
3 | **Telephone:  (916) 552-5959**
**Fax: (916) 442-5959**
4 |
**MARK A. JONES, State Bar #96494**
5 | **KRISTEN K. PRESTON, State Bar #125455**

6 | Attorneys for:  Defendants City of Vallejo and D. Joseph

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| COLIN M., a minor, through his guardian ad litem, TRACY KELLY, TRACY KELLY, individually and as guardian ad litem for Colin M., and RON MASSIE, | ) ) ) ) ) | NO.  08 CV 01930 WHA |
|---|---|---|
| Plaintiffs, | ) ) | **DEFENDANTS CITY OF VALLEJO AND D. JOSEPH'S OPPOSITION TO** |
| vs. | ) ) | **PLAINTIFF'S MOTION TO AMEND COMPLAINT, OR IN THE** |
| | ) | **ALTERNATIVE, MOTION TO** |
| ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MILLER, M.D., KAISER FOUNDATION HOSPITAL, dba KAISER PERMANENTE, JASON ROBERT NAU, M.,D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive, | ) ) ) ) ) ) ) ) ) ) | **DISMISS CLAIMS WITHOUT PREJUDICE**<br><br>Date:   August 28, 2008<br>Time:   8:00 a.m.<br>Place:  Courtroom 9, 19th Floor<br>Judge: Hon. William Alsup |
| Defendants. | ) ) ) | |

Defendant City of Vallejo and D. Joseph submit the following Memorandum of Points and

Authorities in Opposition to Plaintiffs' Motion to Amend the Complaint, or in the Alternative,

Motive to Dismiss Claims Without Prejudice.

I.     **Introduction**

Plaintiffs filed their complaint on April 11, 2008, alleging two causes of action under 42

U.S.C. section 1983 for alleged violations of the First, Fourth and Fourteenth Amendments against

all defendants, including the City of Vallejo ("Vallejo") and City of Vallejo Police Officer D. Joseph

("Joseph").  Vallejo and Joseph filed their answer to the complaint on May 16, 2008.  Vallejo

1   thereafter filed a petition for Chapter 9 bankruptcy in the United States Bankruptcy Court for the

2   Eastern District of California and a Notice of Automatic Stay as to Vallejo was filed in this action on

3   May 28, 2008.  The action is stayed as to the debtor Vallejo by reason of the automatic stay pursuant

4   to 11 U.S.C. 362.[1]   In light of the automatic stay as to Vallejo, plaintiffs now seek to either amend

5   the complaint to remove Vallejo as a named defendant, or dismiss Vallejo without prejudice.

6   Defendants have no objection to dismissal of Vallejo without prejudice.  To the extent, however,

7   plaintiffs seek to proceed against Joseph in this action, defendants object on the basis that the

8   automatic stay precludes any claims against Joseph in his capacity as an employee of Vallejo.  The

9   automatic stay in fact covers claims against Joseph and the action must be stayed as against Joseph

10  as well.  Defendants request that the court order the action stayed as to defendant Joseph.

11       By virtue of express provisions of the California Government Code, Vallejo must defend

12  and, to the extent that a judgment is rendered against defendant Joseph, indemnify him for acts

13  within the scope of his duties, making Vallejo the true party in interest in this case.  Accordingly, and

14  as more fully discussed below, because Vallejo is the true party defendant and further litigation of

15  the underlying action will have an adverse impact on Vallejo, its property and its creditors, the

16  above-captioned action should be stayed as to Joseph.

17  **II.    The District Court Has Jurisdiction and Authority to Determine the Applicability of the
        Automatic Stay as to Defendant Joseph.**

18

19       In In re Franklin, 179 B.R. 913, 33 Collier Bankr. Cas.2d 687, 27 Bankr. Ct. Dec. 20

20  (E.D.Cal.1995), the court reiterated the district court's authority to construe the applicability of a stay

    to a matter pending before it.  The court stated at page 925:

21

22           Although only the bankruptcy court that has jurisdiction over the
             bankruptcy estate has the authority to terminate, annul, modify, or
23           condition the automatic stay, 11 U.S.C. section 372(a), "it is settled
             that both the bankruptcy court and the court in which the other
24           litigation exists may construe the automatic stay." In re Mahurkar
             Double Lumen Hemodialysis Catheter Patent Litigation, 140 B.R. 969,
25           973 (N.D. Ill.1992).

26       Citing the United States Supreme Court, the court in In re Franklin further noted:

27           The power of a nonbankruptcy court to construe the applicability of the

28  _____

        [1]  All further references to Sections are to sections of the Bankruptcy Code, unless other specified. (11
    U.S.C. sections 101-1532 (2008).)

1    automatic stay is a manifestation of the principle that a court has the
2    jurisdiction to decide its own jurisdiction. United States v. United
     Mine Workers, 330 U.S. 258, 290-93, 67 S.Ct. 677, 694-96, 91 L.Ed.
3    884 (1947); In re Related Asbestosis Cases, 23 B.R. at 527; 13A
     C.Wright, A.Miller & E.Cooper, Federal Practice & Procedure 2d
4    section 3536 (2d ed. 1984). Thus, even though a bankruptcy court
     cannot terminate, annul, modify, or condition the automatic stay, it can
5    determine that the automatic stay does not apply, or the extent to
     which it does apply, to a matter before the court. (Id.)

6    The court clearly has jurisdiction and authority to construe the automatic stay that is presently

7    in place as to actions against Vallejo insofar as that stay encompasses claims against Joseph.

8    **III.    The Automatic Stay Provisions Enjoin Acts Against Non-debtor Third Parties Where
9           the Debtor Is the True Party Defendant and the Suit Will Have an Adverse Impact on
            the Debtor.**

10        Bankruptcy Code section 362(a), incorporated into chapter 9 by section 901 stays, among

11   other things, the commencement or continuation of a suit to recover on a pre-petition claim against

12   Vallejo or one affecting its property. 11 U.S.C. § 362(a)(1) ("the commencement or continuation . . .

13   of a judicial, administrative, or other action or proceeding against the debtor . . .") and (a)(3) ("any

14   act to obtain property of the estate or of property from the estate or to exercise control over property

15   of the estate . . . .").[2] The automatic stay is one of the most fundamental protections of bankruptcy

16   law. In re Chugach Forest Prods., Inc., 23 F.3d 241, 244 (quoting Hillis Motors, Inc. v. Hawaii

17   Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993). It is broad in scope and designed to effect

18   an immediate freeze of the *status quo*. *Id.* "The stay protects the debtor by allowing it breathing

19   space and also protects creditors as a class from the possibility that one creditor will obtain payment

20   on its claims to the detriment of all others." *Id.*

21        With these policies in mind, courts have held that where there is such an identity of interests

22   between the debtor and a third-party defendant that the "debtor may be said to be the real party

23   defendant and that a judgment against the third-party defendant will in effect be a judgment or

24   finding against the debtor," the stay applies to proceedings against such third party. See, *e.g.*, A.H.

25   Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (upholding stay of actions against

26   non-debtor co-defendants entitled to indemnification from the debtor). The application of the stay to

27

28   _____

     [2] Section 902(1) provides that "'property of the estate,' when used in a section that is made applicable
     in a case under this chapter by section 103(e) or 901 of this title, means property of the debtor . . . ."

non-debtor third parties routinely has been found appropriate where the non-debtor third party is entitled to "absolute indemnification." In re Family Health Svcs., Inc. v. Maxicare Health Plans, Inc. (In re Family Health Svcs., Inc.), 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989), or "where the debtor is the real party in interest either by way of indemnification or other immediate operation of law." In re Veliotis, 79 B.R. 846, 848 (Bankr. E.D. Mo. 1987); see also In re Family Health Svcs., Inc., 105 B.R. at 942. For example, in In re Family Health Svcs., the bankruptcy court held that Section 362 applied to stay claims brought by providers against non-debtor members of an HMO plan because they were essentially claims for reimbursement or indemnification, "such that the debtor is the real party defendant." In re Family Health Svcs., Inc., 105 B.R. at 943.

Under Section 362(a)(3), courts have held that if an action would have an adverse impact on the debtor or the debtor's property, the action must be barred. In re Nat'l Century Fin. Enters., Inc., 423 F.3d 567 (6th Cir. 2005) ("An action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the [§362(a)(3)] automatic stay provision.") (citing and quoting Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 382 (2d Cir. 1997).) Similarly, the Ninth Circuit has held that Section 362 acts to stay claims against non-debtor third parties, if the proposed action will negatively affect the debtor's property. Harsh Investment Corp. v. Bialac (In re Bialac), 712 F.2d 426 (9th Cir. 1983) (holding that foreclosure on a surplus cash note, in which the debtor held a one-sixth interest, violated Section 362 because it affected debtor's right of redemption).[3]

Lastly, Section 922 operates to extend the stay to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor." 11 U.S.C. § 922(a)(1). As detailed below, because Vallejo is the true party defendant and will be ultimately responsible for any judgment rendered against Joseph, the action against Joseph must be stayed..

---

[3] In In re Excel Innovations, Inc., 502 F.3d 1086 (9th Cir. 2007), the Ninth Circuit, citing to a line of cases, stated that "we have consistently held that the automatic stay does not apply to suits against non-debtors." However, in each instance, the court had found there was independent liability and no impact on the estate, and therefore this line of cases is distinguishable. See, e.g., O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d 1171, 1179 (9th Cir. 1989) (distinguishing cases where non-debtor has independent liability, such as surety or guarantor, from those where debtor's property affected.)

1    **IV.    Vallejo Is the Real Party Defendant in this Case Because It Is Obligated by Statute to Defend and Indemnify Joseph**

2

3            California Government Code § 995 provides as follows:

4            Except as otherwise provided in Sections 995.2 and 995.4, upon request of an
             employee or former employee, a public entity shall provide for the defense of
5            any civil action or proceeding brought against him, in his official or individual
             capacity or both, on account of an act or omission in the scope of his
6            employment as an employee of the public entity.

7    Cal. Gov't Code § 995 (West 1995); see also Stewart v. City of Pismo Beach, 42 Cal. Rptr. 2d 382

8    (Cal. Ct. App. 2d. 1995) (a city's statutory duty to provide its employees with defense in civil actions

9    is mandatory, unless one of the exceptions exists).[4]  Moreover, if the public entity defends the

10   employee, payment of the judgment rendered against the employee (or any agreed-to settlement) is

11   required.  Id. § 825(a).  Thus, under the provisions of the Tort Claims Act, Vallejo must defend, and

12   in the event of a judgment, indemnify Joseph.  As a result, Vallejo is the true party defendant:  if a

13   judgment is entered against the third-party defendant, it will in effect be a judgment or finding

14   against Vallejo.

15           As the court held in both the A.H. Robins Co., Inc. v. Piccinin, supra, at 999, and In re

16   Family Health Svcs., Inc. v. Maxicare Health Plans, Inc., supra, at 942, "Any suit against a third

17   party who is entitled to absolute indemnity by the debtor on any judgment rendered against that third

18   party is the proper subject for application or extension of the statutory stay. (Id.)  This 'identity of

19   interest' provides the special or 'unusual circumstances' which justify an order that stays

20   proceedings against non-debtor parties."  The court further reiterated that where a non-debtor

21   defendant is entitled to indemnity, "[a] judgment against a non-debtor defendant will trigger a claim

22   against the debtor for indemnification, thus, the debtor is the 'real party defendant.'" (Id.)

23   **V.    Conclusion**

24           The indemnity situation at bar is virtually identical to those situations presented in the A.H.

25   Robins Co. and In re Family Health Svcs., Inc. cases.  Officer Joseph is entitled to absolute

26   indemnity as mandated by the California Government Code from the debtor, Vallejo.  Under this

27   circumstance, the automatic stay is applicable to the plaintiff's claims against Joseph.  Defendants

28

---

[4]  No statutory exemption is applicable to Vallejo's duty to defend and indemnify Joseph.

1  request that the court order that the section 362 automatic stay applies to the claims and action

2  against Joseph and that any and all such claims are stayed.

3  DATE: August 7, 2008.

JONES & DYER

4

5                                By:    /s/ Mark A. Jones

6                                       MARK A. JONES
                                        Attorneys for Defendants City of Vallejo and
                                        D. Joseph

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28