John Houston Scott, SBN 72578
Lizbeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M., a minor, through his guardian ad litem, TRACY KELLY; TRACY KELLY, individually and as guardian ad litem for Colin M.; and RON MASSIE,<br><br>    Plaintiffs,<br><br>    v.<br><br>ST. HELENA HOSPITAL dba ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH, FRANCIS J. MULLER, M.D., KAISER FOUNDATION HOSPITAL dba KAISER PERMANENTE, JASON ROBERT NAU, M.D., CITY OF VALLEJO, D. JOSEPH, and DOES 1-25, inclusive<br><br>    Defendants. | Case No.: C08-01930 WHA<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE**<br><br>Date:   August 28, 2008<br>Time:   8:00 a.m.<br>Place:  Courtroom 9, 19th Fl.<br>Judge:  Hon. William Alsup |

## INTRODUCTION

The City of Vallejo does not oppose the plaintiffs' request to amend or dismiss. Instead the City invites this Court to make new law in its opposition.

The City lodged its own request—that this Court stay this action as to D. Joseph. "To the extent, however, plaintiffs seek to proceed against Joseph in this action, defendants object on the basis that the automatic stay precludes any claims against Joseph in his capacity as an employee of Vallejo." (Opposition at p 2:6-8) The defendants, i.e. both the City and Joseph, further state as follows: "The automatic stay in fact covers claims against Joseph and the action must be stayed as against Joseph as well. Defendants request that the court order the action stayed as to defendant

- 1 -
**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Joseph." Id. at p. 2. Indeed, the defendants ask this Court to "determine the applicability of the automatic stay as to defendant Joseph." Id. at header, at p. 2:17-18.

Plaintiffs object to this issue being presented in response to a different matter. Without waiving their objections, and without reserving the matter for subsequent briefing and argument, plaintiffs respond to the issues raised.

The City of Vallejo argues that D. Joseph is also entitled to its bankruptcy-stay protections even though (1) the soon-to-be-dismissed City does not have an "equity interest" in D. Joseph's case; (2) the City is not exposed to *respondeat-superior* liability in this case brought under 42 U.S.C. § 1983; (3) third-party D. Joseph was not named as a debtor; (4) the City has no absolute indemnity requirement; and (5) no evidence or argument can or has been presented to show how this adversely affects the City's ability to reorganize its finances in its bankruptcy. Therefore, the plaintiffs respectfully request this Court deny the defendants' request.

## ARGUMENT

### I. D. Joseph is *not* entitled to enjoy protections from the City of Vallejo's Notice of Stay issued by the Bankruptcy Court because the City has not and cannot show this triggers an "equity interest" necessary to its reorganization.

The City of Vallejo filed a Notice of Automatic stay in this case on 5/28/08. It named a single debtor: the City of Vallejo, not D. Joseph. Yet the City argues Joseph's continued presence in this case triggers a stay under 11 U.S.C. § 362 *because* the City of Vallejo is still the real party in interest. The City invites this Court to find an exception to the general rule that third parties, even partners, guarantors, and nondebtors closely related to the debtor, are *not* covered by a debtor's stay from a Bankruptcy Court *unless* a separate injunction is issued. See, In re Excel Innovations, Inc., 502 F.3d 1086 (9th Cir. 2007); In re Chugach Forest Products, Inc., 23 F.3d 241, 246 (9th Cir. 1994); United States v. Dos Cabezas Corp., 995 F2d 1486, 1491–92 (9th Cir. 1993). Nor is there any *automatic stay* against the employees of a corporate debtor. See, Cal. Prac. Guide Bankruptcy Ch. 8(I)-B, California Practice Guide: Bankruptcy, Kathleen P. March, Judge Alan M. Ahart, Judge Leslie Tchaikovsky, Chapter 8. Part I Scope Of The Automatic Stay, B. Application Of Automatic Stay.

- 2 -

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

1  If the defendants were to seek a stay order as to the officer's liability based on

2  bankruptcy-law standards, they would be required to show the following:

> for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> with respect to a stay of an act against property under subsection (a) of this section, if –
> a.    the debtor does not have an equity in such property; and,
> b.    such property is not necessary to an effective reorganization . . . .

11 U.S.C.A. § 362(d). The debtor has the burden to prove the issue of the "debtor's equity in property." Id. at (g). Here the City does *not* have an "equity interest" in the officer's liability here, absent *respondeat superior*. Nor is there any equity interest which would be necessary to effectively reorganizing the City's finances. Instead of making this showing, or suggesting there may be a "cost" to enforcing civil rights that should relegated to an "equity interest" which can be protected by filing bankruptcy, defendants argue they have an "absolute" indemnification duty.

## II. California's Government Code's defense and indemnity statutes do *not* transform D. Joseph from a third-party employee into a bankruptcy debtor.

Defendants have *not* asked this Court for an injunction. Instead, they ask for an interpretation of the application of the breadth of this stay. Indeed, they invite this Court to hold that Joseph's third-party status triggers the exception because he enjoys "absolute indemnity" like in a few cases which extended this stay to third parties. But the authorities cited by defendants do not support these creative conclusions.

Defendants' significant reliance on In re Family Health Svcs.s Inc. v. Maxicare Health Plans, Inc., 105 B.R. 937, 942 (Bankr.C.D.Cal. 1989) is misguided. In Maxicare, the Bankruptcy Court considered whether an injunction should be issued to protect non-debtor members of the debtor, the health-care plan called Maxicare, from third-party vendors i.e. outside-of-service health-care providers, seeking to get paid directly by the health plan's members *because* the plan stopped paying their bills based on the stay imposed by the Bankruptcy Court. Further, according to Maxicare, this direct billing of members "substantially" interfered with its ongoing operations and "severely impacts its ability to successfully reorganize." Id. at p. 941.

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 3 -

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

The <u>Maxicare</u> court recognized that the general rule is that third-parties are generally *not* protected by a Bankruptcy Court's stay unless there are unusual circumstances. <u>Id.</u> at 942. This *exception to the general rule* applied in the Dalkon Shield cases in <u>A.H. Robbins Co., Inc. v. Piccini</u>, 788 F.2d 994, 999 (4th Cir. 1986). The exception applied to co-defendants in a products-liability lawsuit because they were co-defendants facing claims which gave rise to an indemnity provision as against the debtor, the manufacturer. The <u>Maxicare</u> court determined that the health-plan members were analogous to co-defendants in the Dalkon Shield lawsuits because they enjoyed an "absolute right to indemnification." <u>Id.</u> at p. 942-43. In addition, the <u>Maxicare</u> court held that the debtor's "good will and its contracts with subscribers and members are so essential to the survival of the debtor that they constitute property of the estate." <u>Id.</u> at p. 943.

Unlike <u>Maxicare</u>, Joseph is not required to act *pro per*, instead, he is represented by a well-respected, seasoned, civil-rights lawyer and firm. The City has not shown that this lawsuit substantially interferes with the City of Vallejo's operations or severely impacts its ability to successfully reorganize. The City is no longer a co-defendant, can not be held liable for Joseph's conduct under *respondeat superior*. Joseph does *not* enjoy an "absolute right to indemnification." And, the City has not demonstrated how Joseph's being held accountable for civil-rights violations is essential to its survival so as to constitute the property of its estate, or that it would have an adverse impact on the City's reorganization efforts in any way, no less as to one-sixth or more of its assets. Nor have defendants made this request to a Bankruptcy Court.

Defendants have cited no authority for the proposition that providing an employee with a defense under Cal. Gov. Code § 995 triggers an extended bankruptcy stay. Instead, defendants argue that § 825 creates an "absolute indemnification" obligation similar to <u>Maxicare</u> and <u>A.H. Robbins</u>. **But the question is whether the indemnification power under § 825 establishes, for bankruptcy-protection purposes, a "property" in which the City has an equity interest. 11 U.S.C.A. §§ 362 (d), (g).**

California's indemnity statute is not absolute by its very terms: "Nothing in this section authorizes a public entity to pay that part of a claim or judgment that is for punitive or exemplary damages." Cal. Gov. Code § 825(a). This language has been considered by the California

- 4 -

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Supreme Court in the context of § 1983 as not being an absolute indemnification right, but rather, in some cases an "unlawful gift":

> From a slightly different policy perspective, it is suggested that police officers, like other officials, at times may abuse their authority, and the law demands they be held to answer for any wrong so committed. Thus it may be argued that to permit indemnification would remove an effective deterrent to illegal police conduct--the potential of personal liability. **But in truly egregious cases the indemnification statutes expressly forbid reimbursement by the entity, and indemnification without authorization would be open to a charge of unlawful gift of public funds**.

Williams v. Horvath, 16 Cal.3d 834, 848, 548 P.2d 1125, 1133, 129 Cal.Rptr. 453, 461 (1976) (emphasis added).

Moreover, a public entity's decision to indemnify the public employee under § 825 does *not* trigger any public entity liability. A public entity *cannot* be held liable for indemnifying police officers under Monell and its progeny *because* the decision to pay punitive damages under § 825 is *not* sufficiently related to the ultimate injury to be the moving force behind the constitutional violation. See, Hernandez v. Gates, 100 F.Supp.2d 1209, 1222 (2000 C.D. Cal.). City council members may be held liable for bad faith punitive damage indemnification decisions, or otherwise they only enjoy qualified immunity for it. See, Navarro v. Block, 250 F.3d 729, 732-34 (9th Cir. 2001). If the municipality *can not be held liable for indemnification* for punitive damages, and its indemnification decision makers have to show they exercised good faith to pay under § 825 to be entitled to qualified immunity, this is no property interest for the City of Vallejo to justify staying this action as to D. Joseph.

D. Joseph has presented no independent basis for this "interpretation" or extension of the City's debtor status. It appears that the City is arguing on Joseph's behalf *before* it gets dismissed because Joseph would no have standing to do so thereafter. If this is the unstated but motivating reason for the timing of this motion-contained-in-an-opposition-brief, plaintiffs question how or on what basis any of these arguments could be presented by Joseph alone. Instead, given that it would be in the City's interest to be dismissed and not oppose the pending motion, this pleading tactic demonstrates that a potential conflict exists between the City and Joseph. If there were such

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

a conflict, the City would not only not have to indemnify D. Joseph, it would also not have to defend him. See, Cal. Gov. Code § 995.2.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court grant their request to amend or dismiss the City of Vallejo, and, deny defendants' request to extend the City's bankruptcy protections to third-party debtor D. Joseph.

**DATED:** August 14, 2008                                                    **SCOTT LAW FIRM**


By:     /s/ Lizabeth N. de Vries
        LIZABETH N. De VRIES
        Attorney for Plaintiff

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 6 -

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**