1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   COLIN M., a minor, through his guardian ad
     litem, TRACY KELLY, TRACY KELLY,
11   individually and as guardian ad litem for          No. C 08-01930 WHA
     Colin M., and RON MASSIE,
12
              Plaintiffs,
13
                                                        **ORDER:  (1) GRANTING
14      v.                                              PLAINTIFFS' MOTION TO
                                                        AMEND; (2) DENYING
15   ST. HELENA HOSPITAL dba ST. HELENA                 DEFENDANTS CITY OF
     HOSPITAL CENTER FOR BEHAVIORAL                     VALLEJO AND OFFICER
16   HEALTH, FRANCIS J. MULLER, M.D.,                   JOSEPH'S REQUEST FOR
     KAISER FOUNDATION HOSPITAL dba                     STAY; AND (3) DENYING
17   KAISER PERMANENTE, JASON ROBERT                    DEFENDANT DR. MULLER'S
     NAU, M.D., CITY OF VALLEJO, D.                     MOTION TO DISMISS**
18   JOSEPH, and DOES 1–25, inclusive,

19            Defendants.
     _____/
20

21                        **INTRODUCTION**

22          In this civil-rights action brought under 42 U.S.C. 1983, plaintiffs Tracy Kelly, her

23   husband Ron Massie, and their minor son Colin M., allege violations of the First, Fourth, and

24   Fourteenth Amendments.  Plaintiffs move for leave to file a first amended complaint or, in the

25   alternative, to dismiss defendant City of Vallejo without prejudice on the basis that the City of

26   Vallejo has filed a notice of automatic stay as to itself pursuant to 11 U.S.C. 362.  The City of

27   Vallejo and its police officer, Dustin Joseph, in their opposition to plaintiffs' motion

28   request that the automatic stay as to the City of Vallejo be applied to Officer Joseph as well.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Defendant Francis J. Muller, M.D., moves to dismiss the complaint as to himself for failure to state a claim upon which relief can be granted. The remaining defendants are not implicated in these motions. For the reasons stated below, the motion to amend is **GRANTED**, the request to stay the action as to Officer Joseph is **DENIED**, and the motion to dismiss the complaint as to Dr. Muller is **DENIED**.

## STATEMENT

Plaintiffs' complaint alleges the following well-pled facts which are accepted as true for the purposes of this order. On May 15, 2007, plaintiff Colin, then six years of age, was leaving elementary school with his mother, Tracy Kelly, at the end of the school day. Colin had a temper tantrum over some crayons. A school employee contacted the police.

When police arrived at the scene, Colin had calmed down and was seated in his mother's car-booster seat. Tracy Kelly was questioned by two police officers. During that questioning, one of the officers grabbed Colin and placed him into the back seat of a patrol car. According to the complaint, Colin became frightened and agitated. He started kicking and screaming inside the police car. Tracy Kelly attempted to persuade the police to let her take her son home. Officer Joseph placed Colin under a "5150" hold.[1] An ambulance arrived and took Colin, against his will and without his mother's consent to the emergency department at Kaiser Hospital in Vallejo.

When Colin arrived at Kaiser, he was separated from his mother and admitted on an involuntary basis. Colin was traumatized and frightened. His parents were not allowed to see him. Defendant Robert Jason Nau, M.D., ordered that Colin be placed in four-point restraints and injected with a tranquilizer, Ativan. This was done without the knowledge or consent of Colin's parents.

That night, Colin was transferred against his will and without his parents' consent to St. Helena. He was assigned to Dr. Muller for care and treatment.

---

[1]  California Welfare and Institutions Code Section 5150, part of the Lanterman-Petris-Short Act, provides for the involuntary detention of mentally disordered persons for 72-hour treatment and evaluation.

**United States District Court**
For the Northern District of California

The next morning, Tracy Kelly and Ron Massie went to St. Helena to see their son and take him home. They were told they could not see Colin until noon because of "visiting hours." When they eventually saw Colin, the complaint asserts, he was frightened and traumatized. Tracy Kelly and Ron Massie were asked to sign documents but refused to do so. They were also told Colin would not be released for at least another two days. Plaintiffs contended that there was no legal reason to detain Colin and that Dr. Muller caused Colin's continued false imprisonment and ordered treatment without parental consent.

Tracy Kelly and Ron Massie returned the next day and demanded that their son be released to them. Dr. Muller initially refused to release Colin but ultimately agreed to do so on the condition they sign a form stating it was against medical advice.

On April 11, 2008, plaintiffs filed suit alleging two claims under Section 1983. The first claim was for deprivation of liberty without due process of law and unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. The second claim was for deprivation of the right to familial association in violation of the First and Fourteenth Amendments. On May 16, the City of Vallejo and Officer Joseph filed an answer to the complaint. Subsequently, the City of Vallejo filed a petition for Chapter 9 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. On May 28, the City of Vallejo filed a notice of automatic stay in this action as to itself pursuant to 11 U.S.C. 362. In light of this automatic stay, plaintiffs now seek to amend their complaint under FRCP 15 or, in the alternative, to dismiss the City of Vallejo without prejudice under FRCP 41. The City of Vallejo and Officer Joseph do not object to the City of Vallejo's dismissal from this action. They do object, however, to plaintiffs proceeding against Officer Joseph, asserting that the Section 362 automatic stay as to the City of Vallejo precludes claims against Officer Joseph in his capacity as an employee of the City of Vallejo. They request, therefore, that this action be stayed as to Officer Joseph.

In a separate motion, Dr. Muller seeks to dismiss the complaint as to himself for failure to state a claim upon which relief can be granted. Dr. Muller asserts the complaint fails to establish that he was acting under color of state law.

**ANALYSIS**

1.   **PLAINTIFFS' MOTION TO AMEND.**

Plaintiffs filed this motion more than a week prior to the deadline to seek such leave as provided for in the governing case management order.  FRCP 15 therefore applies.  FRCP 15 states that, once a party has been served with a responsive pleading, the "party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  This standard is a liberal one.  Absent a showing of bad faith, dilatory motive, or undue prejudice to another party, leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[2]

The City of Vallejo and Officer Joseph do not object to the city's dismissal without prejudice.  Plaintiffs have shown good cause to amend their complaint, given the Section 362 automatic stay as to the City of Vallejo.  No bad faith motive on the part of plaintiffs is apparent.  Plaintiffs' motion is therefore **GRANTED**.  The first amended complaint, attached as Exhibit A to the declaration of plaintiffs' counsel Lizabeth N. de Vries in support this motion, is deemed filed as of the filing of this order.

2.   **DEFENDANTS' REQUEST TO STAY ACTION AS TO OFFICER JOSEPH.**

The Ninth Circuit has "consistently held that the automatic stay does not apply to suits against non-debtors." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007). "As a general rule, '[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate.  It does not protect non-debtor parties or their property." *In re Chugach Forest Prods.*, 23 F.3d 241, 246 (9th Cir. 1994).

Notwithstanding this general rule, the City of Vallejo and Officer Joseph argue for application of the "unusual circumstances" exception, articulated in *A.H. Robins Company, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).  There, the Fourth Circuit upheld an injunction restraining prosecution of asbestos lawsuits against the debtor's nonbankrupt codefendants,

---

[2]  Unless indicated otherwise, internal citations are omitted from all quoted authorities in this order.

1    reasoning that "unusual circumstances" justified the stay's extension.  In so holding, the court

2    stated:

> [I]n order for relief for such non-bankrupt defendants to be
> available under [Section 362(a)], there must be "unusual
> circumstances". . . .  This "unusual situation," it would seem, arises
> when there is such identity between the debtor and the third-party
> defendant that the debtor may be said to be the real party defendant
> and that a judgment against the third-party defendant will in effect
> be a judgment or finding against the debtor.

7    *Id.* at 999.

8         The availability of the "unusual circumstances" exception in the Ninth Circuit, however,

9    is unclear.  In *O'Malley Lumber Company v. Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989), the

10   court stated:  "We have not explicitly recognized such an exception, and we decline to do so in

11   this case."  In *United States v. Dos Cabezas Corporation*, 995 F.2d 1486, 1491 n.3, 1492–93

12   (9th Cir. 1993), the court again declined to adopt the exception.  In *In re Chugach Forest*

13   *Products*, 23 F.3d at 246, the court found that "the exception would not apply to this case even

14   if it were valid under other circumstances," and therefore "postpone[d] resolution of the issue

15   until another day."

16        Bankruptcy courts within the Ninth Circuit, though, have applied the exception.  *See In*

17   *re Circle K Corp.*, 121 B.R. 257, 261 (Bankr. D. Ariz. 1990) (staying litigation against officers

18   of the debtor); *In re Family Health Servs.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989) (staying

19   litigation against nondebtor members of debtor health maintenance organizations).

20        It is true that Officer Joseph, if found liable herein, will have a claim over against the

21   City of Vallejo for indemnification, at least as to part of any judgment.  This alone should not

22   prevent this suit from going forward.  To hold otherwise would mean that civil liberties could

23   be trampled by officers working for bankrupt municipalities with no redress in the district court.

24   This would not be exceptional circumstances even if the exception were available in our circuit.

25        In light of the foregoing observations, defendants' request that the Section 362

26   automatic stay as to the City of Vallejo be applied to this action against Officer Joseph is

27   **DENIED**.

28

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.    DEFENDANT DR. MULLER'S MOTION TO DISMISS.**

A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1255, 1264–65 (2007).

"The terms of Section 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Whether a private individual acted "under color of law" may be determined by the same inquiry as that underlying "state action" in assertions of Fourteenth Amendment violations. *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 928–935 (1982).

As recently stated by the Ninth Circuit, the "Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The public function test asks "whether the function performed has been 'traditionally the exclusive prerogative of the State.'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). The joint action test "examine[s] whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445. "A plaintiff may demonstrate joint action by

**United States District Court**
For the Northern District of California

1    proving the existence of a conspiracy or by showing that the private party was 'a willful

2    participant in joint action with the State or its agents.'"   *Ibid.*  The state compulsion test

3    inquires whether the state "has exercised coercive power or has provided such significant

4    encouragement, either overt or covert, that the choice must in law be deemed to be that of the

5    State."  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  The governmental nexus text focuses on

6    whether "a sufficiently close nexus [exists] between the state and the private actor 'so that the

7    action of the latter may be fairly treated as that of the State itself.'"   *Jensen v. Lane County*,

8    222 F.3d 570, 575 (9th Cir. 2000).

9         Taking the factual allegations of plaintiffs' complaint as true, state action on the part of

10   Dr. Muller has been pled sufficiently to survive a Rule 12(b)(6) motion.  Specifically, plaintiffs

11   allege that:  (1) Colin was initially placed under a "5150" hold by Officer Joseph; (2) Colin was

12   admitted to Kaiser Hospital without parental consent; (3) Colin was transferred from Kaiser

13   Hospital to St. Helena Hospital where he was assigned to Dr. Muller for care and treatment'

14   (4) Dr. Muller in his capacity as an agent and/or employee of St. Helena "was authorized to

15   make decisions regarding the status and treatment of minors who were detained under color of

16   state law" (Compl. ¶ 7); (5) Dr. Muller refused to release Colin to his parents and had no legal

17   reason to do so; (6) Dr. Muller caused Colin's continued false imprisonment and ordered

18   treatment without parental consent; and (7) Dr. Muller only released Colin on the condition

19   that his parents sign a form stating it was against medical advice.

20        Construing these allegations in the light most favorable to plaintiffs, they suggest that

21   Dr. Muller acted in concert with Officer Joseph to involuntarily detain Colin under the

22   auspices of California Welfare and Institutions Code Section 5150.  Dr. Muller contends,

23   however, that "[w]hile there is no specific formula for defining state action, every Circuit Court

24   which has analyzed the issue has held that state action is not present when a person is

25   involuntarily committed by a private physician or private hospital pursuant to a state statute"

26   (Br. 4).  In support of this contention, Dr. Muller cites *Spencer v. Lee*, 864 F.2d 1376 (7th Cir.

27   1989), *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992), *Ellison v. Garbarino*, 48 F.3d 192

28   (6th Cir. 1995), *Rockwell v. Cape Cod Hospital*, 26 F.3d 254 (1st Cir. 1994), *Hall v. Quillen*,

United States District Court

For the Northern District of California

1  631 F.2d 1154 (4th Cir. 1980), *Pino v. Higgs*, 75 F.3d 1461 (10th Cir. 1996), and *Briley v.*

2  *State of California,* 564 F.2d 849 (9th Cir. 1977) (*id*. 4–5).

3      These rulings are not dispositive of whether Dr. Muller may be deemed a state actor.

4  *First*, only *Briley* was decided by the Ninth Circuit.  Hence, only *Briley* is binding upon

5  this Court.  *Second*, *Briley* is inapposite as its facts are not analogous to those at issue here.

6  For example, whereas the instant case involves the involuntary detention of a minor against his

7  parents' wishes, *Briley* involved the voluntary castration of a criminally charged child-molester

8  pursuant to a plea-agreement.  *Briley*, 564 F.2d at 852.  *Third*, even were the remaining

9  decisions more than persuasive authority, they too are distinguishable.  Whereas the instant case

10  involves a minor, the others did not.  Whereas the instant case involves involuntary confinement

11  initiated by a police officer, the others did not.  Spencer's two commitments were initiated by

12  his regular physician, first voluntarily for attempted suicide and two years later with the signed

13  consent of his father.  *Spencer*, 864 F.2d at 1377.  Harvey's commitment was initiated by her

14  husband who informed Harvey's physician that he believed his wife was mentally ill.

15  *Harvey*, 949 F.2d at 1129.  Ellison's commitment was initiated by his wife who allegedly

16  feared for her life and obtained an order of transport from the General Sessions Court of

17  Cocke County, Tennessee.  *Ellison*, 48 F.3d at 194.  Rockwell's admission was initiated

18  when she entered the emergency room to inquire about an Alcoholics Anonymous meeting

19  and was involuntarily admitted.  *Rockwell*, 26 F.3d at 255–56.  Hall's commitment was ordered

20  by a judge following examination by a court-appointed physician.  *Hall*, 631 F.2d at 1154.

21  Pino's detention was initiated when members of her family contacted a social therapist out of

22  concern that Pino had not eaten for several days and appeared despondent.  *Pino*, 75 F.3d at

23  1463.

24      Accepting the facts alleged in the complaint as true and construing them in the light

25  most favorable to plaintiffs, state action on the part of Dr. Muller has been sufficiently pled.

26  Accordingly, the motion to dismiss is **DENIED**.

27

28

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to amend in order to dismiss the City of Vallejo is **GRANTED**.  The City of Vallejo and Officer Joseph's request to stay this action as to Officer Joseph is **DENIED**.  Dr. Muller's motion to dismiss as to himself for failure to state a claim upon which relief can be granted is **DENIED**.  Whether Officer Joseph and Dr. Muller may nonetheless be absolved of liability for their allegedly unlawful acts on immunity grounds is not addressed in this order.

**IT IS SO ORDERED.**

Dated:  September 12, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9